JENNIFER ANN DEWIRE & another[1] *vs.* PAULA DEWIRE
HAVELES, trustee, & others.[2]

Middlesex.   January 4, 1989. — March 9, 1989.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Devise and Legacy*, Class gift, Rule against perpetuities, Survivorship, Per
  stirpes. *Rule Against Perpetuities*. *Will*, Construction. *Trust*, Distribu-
  tion, Rule against perpetuities.

Where a testator's will provided for a class gift to his grandchildren, giving
    each an equal share of a residuary trust which was to terminate twenty-one
    years after the death of the last surviving grandchild, but the will con-
    tained no explicit language to govern the distribution of income on the
    death of a grandchild while the gift of income to grandchildren continued,
    this court interpreted the instrument (including a purported gift of the
    remainder violative of the rule against perpetuities) to conclude that the
    testator intended the issue of any deceased grandchild to succeed by
    right of representation to that grandchild's income interest. [276-277,
    279-281]
In a proceeding to establish a party's present right to succeed to her father's
    interest in the income of a testamentary trust, this court did not decide
    issues relating to the eventual distribution of either the trust's income
    or its assets under provisions of the will violative of the rule against
    perpetuities. [278-279]
Language in a will, authorizing the trustee of a testamentary trust to distribute
    the trust's real property in kind on termination of the trust, did not give
    the trustee discretion to distribute principal during the term of a class
    gift of income [281]; furthermore, if the will were read to require the
    trustee to retain the property during the trust's lawful term, this require-
    ment would present no unlawful restraint on alienation [281].

CIVIL ACTION commenced in the Middlesex Division of the
Probate and Family Court Department on March 31, 1987.

[1] Sheila Dewire, executrix of the estate of Thomas A. Dewire, III, and
mother of Jennifer.

[2] Paula Dewire Haveles, Deborah Dewire, Stephen Dewire, Andrew De-
wire, and Constance Dewire. Paula Dewire Haveles is the current trustee of
the testamentary trust under the will of her grandfather, Thomas A. Dewire.

The case was heard by *Vincent F. Leahy*, J., on a statement of agreed facts and was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James B. Muldoon* (*Philip S. Olsen* with him) for the plaintiffs.

*Leo Sontag* for the defendants.

*Raymond H. Young*, guardian ad litem for the minor defendants and persons unborn or unascertained.

WILKINS, J. This petition for a declaration of rights seeks answers to questions arising from an artlessly drafted will that, among its many inadequacies, includes a blatant violation of the rule against perpetuities. The case is before us on a reservation and report by a judge of the Probate and Family Court on a statement of agreed facts. The judge listed a large number of issues, but we shall deal with them only to the extent necessary to permit a declaration of the present rights of the parties. We transferred the case here on our own motion.

Thomas A. Dewire died in January, 1941, survived by his widow, his son Thomas, Jr., and three grandchildren (Thomas, III, Paula, and Deborah, all children of Thomas, Jr.). His will placed substantially all his estate in a residuary trust. The income of the trust was payable to his widow for life and, on her death, the income was payable to his son Thomas, Jr., the widow of Thomas, Jr., and Thomas Jr.'s children.[3] After the

---

[3] The language of the will directing this distribution appears in article third of the will and reads as follows:

"Third: To my wife, Mabel G. Dewire, I give, devise and bequeath all the rest, residue and remainder of all the estate of which I shall die seized, for and during the term of her natural life, and upon her decease to my son, Thomas A. Dewire, Jr., and his heirs and assigns, but in trust nevertheless upon the following trusts and for the following purposes:

"A. To hold, direct, manage and conserve the trust estate, so given, for the benefit of himself, his wife and children in the manner following, that is to say:

"To expend out of the net income so much as may be necessary for the proper care, maintenance of himself and wife conformable to their station in life, and for the care maintenance and education of his children born to him in his lifetime, in such manner as in his judgment and discretion shall seem proper, and his judgment and discretion shall be final."

testator's death, Thomas, Jr., had three more children by a second wife. Thomas, Jr., died on May 28, 1978, a widower, survived by all six of his children. Thomas, III, who had served as trustee since 1978, died on March 19, 1987, leaving a widow and one child, Jennifer. Among the questions presented, and the most important one for present purposes, is to whom the one-sixth share of the trust income, once payable to Thomas, III, is now payable.

In his will, the testator stated: "It is my will, except as hereinabove provided, that my grandchildren, under guidance and discretion of my Trustee, shall share equally in the net income of my said estate." At another point, he referred to the trust income being "divided equally amongst my grandchildren." The rule against perpetuities violation occurred because the will provided for the trust's termination "twenty-one years after the death of the last surviving child of my said son, Thomas A. Dewire, Jr., when the property of the trust shall be equally divided amongst the lineal descendants of my grandchildren."[4]

There is no explicit provision in the will concerning the distribution of income on the death of a grandchild while the gift of income to grandchildren continues, nor is there any statement as to what the trustee should do with trust income between the death of the last grandchild and the date assigned for termination of the trust twenty-one years later.

Our task is to discern the testator's intention concerning the distribution of a grandchild's share of the trust income on his death. As a practical matter, in cases of this sort, where there is no express intention, we must resort to reasonable inferences in the particular circumstances which on occasion shade into rules of construction that are applied when no intention at all can be inferred on the issue. In this case, the reasonable inference as to the testator's intention is that Jennifer should take her father's share in the income.

---

[4] As we shall explain, the possibility that Thomas, Jr., would have a child born after the testator's death was sufficient to cause the violation of the rule against perpetuities. The fact that Thomas, Jr., had children born after the testator's death makes a violation of the rule an actual fact.

Certain points are not in serious controversy and are relatively easy to resolve. The gift of net income to the testator's grandchildren, divided equally or to be shared equally, is a class gift. See *Smith* v. *Haynes*, 202 Mass. 531, 533 (1909). The class includes all six grandchildren, three of whom were born before and three of whom were born after the testator's death. *B.M.C. Durfee Trust Co.* v. *Taylor*, 325 Mass. 201, 204 (1950). *Hall* v. *Hall*, 123 Mass. 120, 122 (1877). See Casner, Class Gifts to Others than to "Heirs" or "Next of Kin": Increase in the Class Membership, 51 Harv. L. Rev. 254, 260 (1937). Because there is a gift over at the end of the class gift, the testator intended the class gift to his grandchildren only to be a gift of a life interest in the income of the trust. *Rolland* v. *Hamilton*, 314 Mass. 56, 57-59 (1943), and cases cited. The general rule is that, in the absence of a contrary intent expressed in the will or a controlling statute stating otherwise, members of a class are joint tenants with rights of survivorship. *Old Colony Trust Co.* v. *Treadwell*, 312 Mass. 214, 218 (1942). *Meserve* v. *Haak*, 191 Mass. 220, 223 (1906). See G. L. c. 191, § 22 (1986 ed.) (antilapse statute).

This last stated principle becomes important in deciding whether Jennifer, the child of the deceased grandson, takes her deceased father's share in the trust income or whether the remaining class members, the other five grandchildren, take that income share equally by right of survivorship. Jennifer argues, under the general rule, that the will manifests an intent contrary to a class gift with rights of survivorship. We agree with this conclusion. Thus we need not decide, as Jennifer further argues, whether the rule of construction presuming a right of survivorship in class members should be rejected in the circumstances and replaced by a rule based on principles similar to those expressed in the antilapse statute.[5]

---

[5] The Massachusetts antilapse statute applies only to testamentary gifts to a child or other relation of a testator who predeceased the testator leaving issue surviving the testator and to class gifts to children or other relations where one or more class member predeceased the testator (even if the class member had died before the will was executed). G. L. c. 191, § 22. The rule of construction of § 22 is that the issue of a deceased relation take his

Before we explain why the will expresses an intention that, during the term of the class gift, Jennifer, while living, should take her father's share in the income, we discuss the rule against perpetuities problem.[6] The prospect that interests under this will may vest beyond the permissible limit of the rule against perpetuities is not only theoretically possible, it is actuarially likely. The interests of the grandchildren in the trust income vested at their father's death (if not sooner) and, because he was a life in being at the testator's death, those interests vested within the period of the rule. The gift over at the end of the class gift of income to the grandchildren, however, might not vest seasonably because another grandchild could have been born after the testator's death and could be the surviving grandchild. In this case, in fact, the three youngest grandchildren were born after the death of the testator but they are measuring lives for the term of the class gift. The parties agree that the purported gift of the remainder to the lineal descendants of the testator's grandchildren "twenty-one years after the death of the last surviving" grandchild violates the rule against perpetuities in its traditional form and would be

share by right of representation "unless a different disposition is made or required by the will."

In this case, no class member predeceased the testator and, therefore, § 22 does not explicitly aid Jennifer. The policy underlying § 22 might fairly be seen as supporting, as a rule of construction (absent a contrary intent), the substitution of a class member's surviving issue for a deceased class member if the class is made up of children or other relations of the testator. See *Bigelow* v. *Clap*, 166 Mass. 88, 91 (1896). It has been suggested that "[t]he policy of [antilapse] statutes [dealing with the death of a class member after the testator's death] commends itself to decisional law." Restatement (Second) of Property, Donative Transfers § 27.3 comment i (Tent. Draft No. 9, 1986). If the antilapse statute protects the interests of the issue of a relation who predeceases a testator, there is good reason why we should adopt, as a rule of construction, the same principle as to a relation of a testator who survives the testator but dies before an interest comes into possession. In the case of a class gift of income from a trust, the interest could be viewed as coming into possession on each income distribution date.

[6] In its classic formulation, the rule against perpetuities declares that: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." J.C. Gray, The Rule Against Perpetuities § 201, at 191 (4th ed. 1942). See *Eastman Marble Co.* v. *Vermont Marble Co.*, 236 Mass. 138, 152 (1920).

void. See *Second Bank-State St. Trust Co.* v. *Second Bank-State St. Trust Co.*, 335 Mass. 407, 410-411 (1957). There is no need at this time to decide the question of the proper distribution of trust income or assets at the death of the last grandchild. The question will be acute at the death of the last grandchild, when the class gift of income from the trust will terminate.[7]

The rule against perpetuities problem need not be resolved at this time. It has some bearing, however, on what should be done during the term of the class gift with the one-sixth share of the trust income that is in dispute. We reject the argument that, because of the violation of the rule against perpetuities, the income interests should be treated as being more than life interests. There is no authority for such a proposition.[8] Although the gift over violates the rule against perpetuities in its traditional form and in time may prove to violate it in actual fact, the language providing for such a distribution may properly be considered in determining a testator's intention with respect to other aspects of his will. See J.C. Gray, The Rule Against Perpetuities §§ 629-631, at 599-600 (4th ed. 1942) ("a provision void for remoteness is still to be resorted to for construing the rest of the will"). For the purposes of distribution of assets, a will is to be construed as if a provision violating

---

[7] The common law rule against perpetuities has been modified by statute. See G. L. c. 184A, § 1 (1986 ed.), applicable to wills of persons dying after January 1, 1955 (St. 1954, c. 641, § 2) and thus not directly applicable in this case. The second look, or wait-and-see, principle of G. L. c. 184A, § 1, has been applied as a matter of decisional law to an instrument to which § 1 did not apply. See *Warner* v. *Whitman*, 353 Mass. 468, 472 (1968). If a wait-and-see approach is applicable here, and if the last surviving grandchild were to be one of the grandchildren alive at the death of the testator, there would be no violation of the rule against perpetuities. We might even decide that there was no violation of the rule if all the grandchildren were to die within twenty-one years of the death of the last grandchild who was living at the testator's death. See Restatement (Second) of Property, Donative Transfers § 1.4 (1983).

[8] We also reject the contention that the trust beneficiaries can properly compel termination of the trust and a distribution of the trust assets at this time. They are not all now ascertained or ascertainable, and there is no reason to invalidate the class gift of income. See *Allen* v. *First Nat'l Bank & Trust Co.*, 319 Mass. 693, 697 (1946).

the rule against perpetuities is not contained in it (*Fosdick* v. *Fosdick*, 6 Allen 41, 43 [1863]), but we have never said that the language of a void clause cannot be used to determine the testator's intention as to dispositions that do not violate the rule.

We are now in a position to discuss the question whether the class gift of income to grandchildren calls for the payment of income equally to those grandchildren living from time to time (as joint tenants with rights of survivorship) or whether the issue of any deceased grandchild succeeds by right of representation to his income interest. The latter result better conforms with the testator's intentions.

The testator provided that the trust should terminate twenty-one years after the death of his last grandchild. It is unlikely that the testator intended that trust income should be accumulated for twenty-one years, and we would tend to avoid such a construction. See *Meserve* v. *Haak*, 191 Mass. 220, 222 (1906). Certainly, we should not presume that he intended an intestacy as to that twenty-one year period. See *Anderson* v. *Harris*, 320 Mass. 101, 104-105 (1946). He must have expected that someone would receive distributions of income during those years.[9] The only logical recipients of that income would be the issue (by right of representation) of deceased grandchildren, the same group of people who would take the trust assets on termination of the trust (assuming no violation of the rule against perpetuities).[10] If these people were intended to receive income during the last twenty-one years of the trust as well as the trust assets on its termination, it is logical that they should also receive income during the term of the class gift if their ancestor (one of the grandchildren) should die. Such a pattern treats each grandchild and his issue equally throughout

---

[9] At one point in his will, the testator says that the trust income is payable "to [Thomas, Jr.] and his children and their heirs at law."

[10] "[T]he property of the trust shall be equally divided amongst the lineal descendants of my grandchildren." "Equally," referring to a multigenerational class, normally means per stirpes. *New England Trust Co.* v. *McAleer*, 344 Mass. 107, 112 (1962). *Dexter* v. *Inches*, 147 Mass. 324, 326 (1888). In such a case, the stirpes are normally placed at one generation before the takers. See *Bradlee* v. *Converse*, 318 Mass. 117, 120 (1945)

the intended term of the trust. Where, among other things, every other provision in the will concerning the distribution of trust income and principal (after the death of the testator and his wife) points to equal treatment of the testator's issue per stirpes, there is a sufficient contrary intent shown to overcome the rule of construction that the class gift of income to grandchildren is given to them as joint tenants with the right of survivorship.

We deal briefly with one other point. No language in the will gives discretion to the trustee to distribute principal during the term of the class gift of income. The fact that the trustee has discretion on termination to distribute trust real estate in kind does not authorize a distribution of principal during the term of the trust. If the will should be read to mandate the retention of that real estate in the trust, that mandate will not survive the trust's lawful term, and it is, therefore, not an unlawful restraint on alienation.

Judgment shall be entered declaring that (1) Jennifer Ann Dewire in her lifetime is entitled to one-sixth of the net income of the trust during the period of the class gift of income, that is, until the death of the last grandchild (and a proportionate share of the income of any grandchild who dies leaving no issue), (2) no declaration shall be made at this time concerning the disposition of trust income or principal on the death of the last grandchild of Thomas A. Dewire, (3) no provision in the will is an illegal restraint on alienation during the lawful term of the trust, and (4) the trustee has no authority to distribute trust principal during the term of the class gift of income.

*So ordered.*