MARJORIE S. POND, trustee,[1] vs. MARJORIE S. POND,
individually and as executrix,[2] & others.[3]

Worcester. February 4, 1997. - May 13, 1997.

Present: WILKINS, C.J., LYNCH, O'CONNOR, FRIED, & MARSHALL, JJ.

*Trust,* Reformation, Modification, Settlor, Mistake.

In an action brought by a trustee seeking reformation of a trust to correct
scrivener's errors that failed to give effect to the settlor's intent, this
court concluded that, where due to the mistaken omission of an income
provision for the surviving spouse, the spouse was left with virtually no
assets and the trust did not qualify for the marital deduction, the set-
tlor's intent to provide for his spouse and to minimize the estate tax
payable was thwarted: the trust should be reformed to give effect to that
intent. [897-899]
There was no ambiguity in the termination provisions of a trust instrument
that would require reformation of the trust. [899]

CIVIL ACTION commenced in the Worcester Division of
the Probate and Family Court Department on July 26, 1996.

The case was reported to the Appeals Court by *Susan D.
Ricci,* J. The Supreme Judicial Court granted a request for
direct review.

The case was submitted on briefs.

*Robert S. Heppe, Jr., & Janet Wilson Moore* for the trustee.

LYNCH, J. The plaintiff, trustee of the Sidney M. Pond
Trust 1991, a revocable trust (trust), filed a complaint in the
Probate and Family Court seeking reformation of the trust.
The plaintiff alleges that, due to scrivener's errors in the form
of omissions and ambiguities, the declaration of trust fails to
give effect to the settlor's intent. At the request of the parties
a Probate Court judge reserved and reported the case to the
Appeals Court pursuant to G. L. c. 215, § 13, and Mass. R.

---

[1]Of the Sidney M. Pond Trust 1991.

[2]Of the will of Sidney M. Pond.

[3]Stephen Robert Pond, James Sheldon Pond, R. Louise Pond Kulig, and
Robert Cook Pond.

Civ. P. 64, 365 Mass. 831 (1974). We granted the plaintiff's application for direct appellate review. See *Commissioner of Internal Revenue* v. *Estate of Bosch,* 387 U.S. 456, 465 (1967) (Internal Revenue Service need not accept decisions other than those of State's highest court); *Simches* v. *Simches,* 423 Mass. 683, 686 n.3 (1996); *Shawmut Bank, N.A.* v. *Buckley,* 422 Mass. 706, 710 (1996).

1. *Background.* We summarize the undisputed facts as presented by the plaintiff.[4] The settlor, Sidney M. Pond, executed his last will and testament on January 17, 1991. On the same day, the settlor executed a declaration of revocable trust, naming himself and his wife as trustees. Then, they transferred virtually all their assets, except the marital home, into the trust. The settlor died on February 26, 1996.[5]

The trust instrument provided that, during the settlor's lifetime, all of the annual income and such principal as the trustees deemed necessary was to be paid to the settlor and his wife.[6] However, the trust made no provision for income or principal to be paid to his wife if she were to survive the settlor. The trust also provided that, on the death of the settlor

---

[4]Notice of the proposed reformation was served on the Internal Revenue Service and the Attorney General. Neither the Commonwealth nor the IRS filed an appearance.

[5]At the time of the settlor's death, the trust was valued at approximately $650,000.

[6]The declaration of trust provided, in part, as follows:

"SECOND *Administration During My Lifetime* During my lifetime the Trustees shall pay to my wife, MARJORIE S. POND, and myself, all of the annual income. The Trustees shall pay amounts of principal only as the Trustees decide advisable in their sole discretion.

"THIRD *Administration Following My Death* At the death of SIDNEY M. POND and MARJORIE S. POND, this trust shall terminate and distribute all assets to our children, STEPHEN ROBERT POND, JAMES SHELDON POND, R. LOUISE POND KULIG and ROBERT COOK POND, if they survive us. If any of our said children do not survive us but leaves issue, then the share that should have gone to our deceased child shall be distributed equally and in equal shares to his/her issue by right of representation.

"If any of our said children['s] issue are under the age of thirty (30), then the trust shall remain in existence until the youngest child reaches the age of 30 years, whereupon as each child reaches the age of 30, his/her respective share shall be paid to him/her. When all assets and income have been paid hereunder this Trust shall terminate. Upon the termination of this trust and distribution of property the Trustees hereunder shall be free of all trust."

and his wife, the trust shall terminate and its assets should be distributed in equal shares to their children. If one of the children predeceased the parents, the trust provided that the deceased child's share shall pass "equally and in equal shares to his/her issue by right of representation," when the issue reach the age of thirty.

In his will, the settlor bequeathed all his tangible personal property to his wife and the residue of his estate, both real and personal, to the trust. The tax clause in the will authorized his wife, as executrix, "in her sole, exclusive and unrestricted discretion, to determine whether to elect (under Sec. 2056[b][7] of the Internal Revenue Code of 1954, as amended, or any corresponding provision of state law) to qualify all or a specific portion of the SIDNEY M. POND REVOCABLE TRUST dated January 17, 1991 for the federal estate tax marital deduction and any marital deduction available under the law of the state in which I am domiciled at the time of my death.''[7] To qualify under § 2056, however, the trust must provide the surviving spouse a "qualifying income interest for life." See § 2056(b)(7)(B) of the Internal Revenue Code (I.R.C.). Without the marital deduction, the settlor's estate would have to pay $70,000 in otherwise avoidable taxes.

The plaintiff contends that scrivener's errors are apparent when the purposes of the trust are considered. The plaintiff avers that the settlor created the trust to satisfy the requirements for the marital deduction under § 2056(b)(7) of the

---

[7]Clause III of the settlor's will provided:

"(k) If my said wife survives me, my Executor shall be authorized in her sole, exclusive and unrestricted discretion, to determine whether to elect (under Sec. 2056[b][7] of the Internal Revenue Code of 1954, as amended, or any corresponding provision of state law) to qualify all or a specific portion of the SIDNEY M. POND REVOCABLE TRUST dated January 17, 1991 for the federal estate tax marital deduction and any marital deduction available under the law of the state in which I am domiciled at the time of my death. I suggest, but do not direct, that in exercising such discretion, my Executor attempt to minimize (or eliminate, if possible) the federal and state estate, inheritance or other death taxes payable by my estate at the time of my death. However, my Executor should also consider the effect of her election upon the federal and state estate, inheritance or other death taxes which will be payable by my said wife's estate at her death, particularly if she dies before her election must be made. The decision of my Executor with respect to the exercise of the election shall be final and conclusive upon all persons whose interests in my estate are directly affected by the election."

I.R.C. and the corresponding deduction under G. L. c. 65C, § 3A. The plaintiff also contends that, pursuant to this estate plan, the settlor intended for the trust's assets to be used to support his surviving spouse. Due to the omission of an income provision for the surviving spouse, both objectives were thwarted because his wife was left with virtually no assets and the trust does not qualify for the marital deduction. Finally, the plaintiff contends that the termination and distribution provision is ambiguous and possibly violates the rule against perpetuities.

The plaintiff requests that the court reform the trust instrument to give effect to the settlor's intent. First, the plaintiff asks this court to insert a provision which would grant the surviving spouse the right to the trust's annual income, and discretionary principal payments, during her lifetime. Second, the plaintiff also asks this court to incorporate provisions which would correct the ambiguity in the termination provisions. The beneficiaries of the trust, who were named as defendants, assented to the proposed reformation.[8]

2. *Discussion.* The modification of a trust agreement to conform with a settlor's intent with respect to the marital deduction is a matter of State law which this court may properly decide. See *Loeser* v. *Talbot,* 412 Mass. 361, 365 (1992); *Berman* v. *Sandler,* 379 Mass. 506, 509 (1980); *Babson* v. *Babson,* 374 Mass. 96, 101-102 (1977); *Mazzola* v. *Myers,* 363 Mass. 625, 633 (1973). When a trust instrument fails to embody the settlor's intent because of scrivener's error, it may be reformed on clear and decisive proof of mistake. *Loeser* v. *Talbot, supra.* To ascertain the settlor's intent, we look to the trust instrument as a whole and the circumstances known to the settlor on execution. *Berman* v. *Sandler, supra* at 510.

The settlor's intent in creating the trust was clearly to qualify for the marital deduction under § 2056(b)(7) of the I.R.C. The tax clause in the settlor's will, which was executed on the same day, demonstrates that the settlor thought that the trust qualified for the marital trust deduction.[9] To qualify, the trust must provide the surviving spouse a "qualifying

---

[8]The guardians for the minor grandchildren also have assented to the proposed reformation.

[9]Under § 2056(b)(7) of the I.R.C., qualifying terminal interest property is eligible for a marital deduction in the estate of the settlor if the settlor's

income interest for life." § 2056(b)(7)(B). This means the trust must pay income annually or more frequently to the surviving spouse. § 2056(b)(7)(B)(ii). Because we read the trust as clearly manifesting an intent that it qualify for a marital deduction, it can only be a scrivener's error that caused a clause to be omitted that would have provided for income to be paid to his wife for life on the death of the settlor.

We are also convinced that the settlor did not intend to deny his wife discretionary use of the principal during her lifetime.[10] The trust was an essential component in the settlor's estate plan. The settlor transferred virtually all his marital assets into this trust. The trust's income and principal were available to the settlor and his wife during his lifetime. The trust, however, omitted any provision for the surviving spouse after the settlor's death. Because we know that the settlor intended to provide income for his wife if he died first and since the trust made principal available for as long as the settlor lived, we conclude that his intent to continue the same arrangement if he should die first is manifest. *Babson* v. *Babson, supra* at 104-106 (considering will as a whole, testator intended to take maximum advantage of estate tax deductions even though word "maximum" not used). This conclusion is buttressed by the settlor's will bequeathing all his tangible property to his wife and naming her executrix of his estate. There is no indication that the settlor intended to deprive his surviving spouse of the trust's assets during her lifetime.

We conclude that there is clear and decisive proof of mistake due to scrivener's error. The settlor's intent was to minimize estate tax payable by establishing a qualifying terminal interest trust. To qualify under § 2056, the trust must distribute income to the surviving spouse. While the discretionary principal payments are not required under § 2056, the estate plan demonstrates an intent to treat both

executrix so elects. If that election is made and the marital deduction is thus taken in the settlor's estate, the trust property must then be included in the estate of the surviving spouse for Federal estate tax purposes.

[10]Under § 2056, the surviving spouse must receive income from the trust. However, § 2056 does not require that the surviving spouse be able to receive principal.

spouses equally. Thus, we agree that the trust should be reformed to give effect to the settlor's intent.[11]

Finally, we conclude that the there is no need to reform the termination provisions. The trust provides that, "[i]f any of our said children do not survive us but leaves issue, *then the share that should have gone to our deceased child* shall be distributed equally and in equal shares to his/her issue by right of representation," when the issue reaches the age of thirty (emphasis supplied). First, we see no ambiguity in the treatment for issue of a predeceased child because the clause makes clear that it is only dealing with the share that would have gone to a deceased child. Furthermore, "[t]he general rule is that, in the absence of a contrary intent expressed in the will or a controlling statute stating otherwise, members of a class are joint tenants with rights of survivorship." *Dewire* v. *Haveles*, 404 Mass. 274, 277 (1989) (general rule applies to testamentary trusts). See G. L. c. 191, § 22 (antilapse statute).[12] The common law rule against perpetuities has been modified by statute. Under the second look, or wait-and-see, principle of G. L. c. 184A, § 1, we need not resolve the rule against perpetuities problem at this time. See *Dewire* v. *Haveles, supra* at 279 & n.7.

The case is remanded to the Probate and Family Court for entry of a judgment of reformation consistent with this opinion.

*So ordered.*

---

[11]We pass no judgment on the actual tax implications of the trust as reformed. See *Shawmut Bank, N.A.* v. *Buckley,* 422 Mass. 706, 714 (1996).

[12]General Laws c. 191, c. 22, provides, in part: "If a devise or legacy is made to a child or other relation of the testator, who dies before the testator, but leaves issue surviving the testator, such issue shall, unless a different disposition is made or required by the will, take the same estate which the person whose issue they are would have taken if he had survived the testator."