FLEET BANK, N.A., & another,[1] trustees,[2] *vs.* FLEET BANK, N.A., & another, trustees,[3] & others.[4] March 1, 1999. *Trust,* Reformation, Taxation. *Taxation,* Trust, Estate tax.

The plaintiff trustees seek an order reforming a trust instrument of which Ann A. Hunt was the settlor. A judge of the Probate and Family Court reported the case to the Appeals Court on a statement of agreed facts. We granted the plaintiff trustees' application for direct appellate review.

This is another case in which all interested parties seek assistance from this court to correct a drafting error that created the potential for adverse Federal estate tax consequences that, it is asserted, are contrary to the settlor's intentions. Here, all parties agree that Ann A. Hunt, who died on November 23, 1985, did not intend to give her surviving husband, who died on September 26, 1997, a general power of appointment over property in a revocable trust that she created on November 22, 1971, and amended on September 4, 1984. Under the terms of the trust as originally drafted, if her husband survived her, as he did, a marital and a nonmarital trust were established. At her husband's death, the assets of the nonmarital trust were to be added to a similar revocable trust that her husband had created on November 22, 1971, to be treated according to the trust as he originally had executed it without amendment. The intended result was to deny the surviving husband any power to affect the disposition of the assets of the nonmarital trust.

In 1984, the settlor amended her revocable trust to eliminate the marital trust and to provide that all her trust property was to be held in the nonmarital trust for the benefit of her husband and their issue. The facts show that the value of the settlor's assets at that time was such that no marital trust was necessary for her estate to avoid Federal estate taxes. As amended, the trust also provides that the property in her trust was to be distributed, at her husband's death, if he survived her, to his similar trust, as amended in 1984, to be administered and distributed according to the terms of his trust indenture "as it may from time to time be amended." If this language grants the husband a power of appointment over the assets of the settlor's trust, then the gross estate includes the value of that property for Federal estate tax purposes, and the Federal estate tax payable by his estate will be increased substantially.

The provision in the settlor's 1984 amendment to her trust that directs the trustees to distribute the assets at her husband's death to his trust "as it may from time to time be amended" was a mistake. But for this error none of the assets of the settlor's trust would be includible in the husband's gross estate for Federal estate tax purposes. To avoid this unintended and undesirable outcome, the parties urge us to construe the words "as it may from time to time be amended" to mean "as it may from time to time be amended prior to the Settlor's death."

This mistake in drafting is the kind of error that we have corrected in order to fulfil the clear intention of a donor concerning the tax consequences of a

---

[1]Jonathan A. Hunt.

[2]Of The Ann Hunt Trust under indenture of trust dated November 22, 1971.

[3]Of The Philip Hunt Trust under indenture of trust dated November 22, 1971.

[4]Jonathan A. Hunt; Wesley J. Hunt; Joseph B. Hunt; Noel Hunt; Jeanne Kennedy Hunt; First Church of Christ, Scientist; Attorney General of the Commonwealth; and unborn and unascertained issue of the children of Ann and Philip Hunt.

donative transfer. See *BankBoston* v. *Marlow*, 428 Mass. 283, 286-287 (1998); *Putnam* v. *Putnam*, 425 Mass. 770, 772-773 (1997); *Pond* v. *Pond*, 424 Mass. 894, 897-898 (1997); *Simches* v. *Simches*, 423 Mass. 683, 687-688 (1996); *Shawmut Bank, N.A.* v. *Buckley*, 422 Mass. 706, 712-713 n.12 (1996). The error is subtle. The settlor could hardly have identified it. It eluded the attorney who drafted her estate plan.

A judgment shall be entered in the Probate and Family Court reforming the trust by adding the words "prior to the Settlor's death" at the end of Article III (a) of the settlor's trust as amended on September 4, 1984.

*So ordered.*

The case was submitted on a joint brief.

*Robert C. Pomeroy & Jennifer Locke* for Fleet Bank, N.A., & others.