DAVID E. DiCARLO & another,[1] trustees,[2] vs. DEBRA E.
MAZZARELLA & others.[3]

Middlesex. June 26, 1999. - October 13, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Trust,* Marital deduction trust, Reformation.

Where there was clear and decisive proof that the settlor of a trust intended to
create a trust that qualified for the marital deduction under § 2056 (b) (7)
of the Internal Revenue Code, the trust was reformed to give effect to the
settlor's intent. [250-251]

COMPLAINT for reformation filed in the Middlesex Division of
the Probate and Family Court Department on May 8, 1998.

The case was reported to the Appeals Court by *Sheila E. Mc-
Govern,* J. The Supreme Judicial Court granted a request for
direct review.

The case was submitted on brief.

*A. Silvana Giner & Kimberly E. Cohen* for the plaintiffs.

ABRAMS, J. The plaintiffs, trustees of the Dino Realty Trust
(trust), filed a complaint in the Probate and Family Court for
reformation of the trust created by the late Dino DiCarlo.[4] The
plaintiffs allege that, due to a scrivener's error, the trust language
is ambiguous and as a result the declaration of trust fails to give
effect to the settlor's intent. At the request of the parties, a
Probate Court judge reserved and reported the case to the Ap-

[1] Helen DiCarlo Reale. The plaintiffs brought this complaint individually, as
trustees under the trust, and as legal guardians of Josephine DiCarlo.

[2] Of the Dino Realty Trust.

[3] John F. Mazzarella, Fourth; Andrew J. Mazzarella; David S. Mazzarella;
David A. DiCarlo; Hunter R. DiCarlo; Dina Goodfriend; Richard A. Reale, Jr.;
and Darin T. Reale. The defendants are the children and grandchildren of
Dino DiCarlo. The children have a remainder interest in the trust. The
grandchildren have a contingent remainder interest in the trust.

[4] The plaintiffs served notice of the proposed reformation on the Internal
Revenue Service and the Attorney General of the Commonwealth. Neither
filed an appearance.

peals Court. See G. L. c. 215, § 13; Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We granted the plaintiffs' application for direct appellate review. See *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465 (1967) (Internal Revenue Service need not accept decisions other than those of State's highest court); *Simches* v. *Simches*, 423 Mass. 683, 686 n.8 (1996); *Shawmut Bank, N.A.* v. *Buckley*, 422 Mass. 706, 710 (1996). We conclude that the trust should be reformed to reflect the settlor's intent.

1. *Background.* We summarize the undisputed facts. Dino Di-Carlo created the trust on December 27, 1967, and funded it until his death on August 11, 1997. Under the terms of his will, which was allowed by the Probate and Family Court on January 7, 1998, Dino DiCarlo left all of his assets to his surviving spouse, Josephine DiCarlo.[5] Josephine DiCarlo suffers from Alzheimer's disease. Two of her children, David DiCarlo and Helen DiCarlo Reale, are her appointed legal guardians.

As the trust was initially executed, paragraph 9 provided that, at Dino DiCarlo's death, Josephine DiCarlo "shall be entitled to the income of this Trust during her lifetime." This paragraph was amended on November 21, 1979.[6] On October 6, 1981, this amendment was revoked and replaced with the following: "Josephine E. DiCarlo, shall be entitled to the income and principal, if necessary, of this trust for her care, comfort and maintenance as the sole beneficiary hereunder." This language was in effect at the time of Dino DiCarlo's death.

To qualify for the Federal estate tax marital deduction, a surviving spouse must receive all of the income from the trust, payable at least annually. 26 U.S.C. § 2056(b)(7) (1994). Without the marital deduction, Dino DiCarlo's estate will have to pay over $1 million in taxes. If the trust is reformed so that it qualifies for the marital deduction, estate taxes will be deferred until Josephine DiCarlo's death.

The plaintiffs contend that a scrivener's error is apparent if the purposes of the trust are considered. The plaintiffs aver that

---

[5]At the time of Dino DiCarlo's death, the trust was valued at approximately $3 million. Approximately twenty-three per cent of Dino DiCarlo's estate passed under his will and the other seventy-seven per cent was held in the trust at the time of his death.

[6]After this amendment, paragraph 9 provided: "Josephine E. DiCarlo, shall be entitled to the income of this trust for her care, comfort and maintenance as the sole beneficiary hereunder."

the settlor created the trust to provide for Josephine DiCarlo during her lifetime, to provide for the orderly management of his funds after his death for the benefit of his surviving spouse and children, and to minimize estate taxes. The plaintiffs contend that these objectives will be thwarted because it is unclear whether Josephine DiCarlo is to receive all of the income from the trust annually.

The plaintiffs ask this court to insert a provision which would grant the surviving spouse the right to the trust's annual income, and discretionary principal payments, during her lifetime. The beneficiaries of the trust, who were named as defendants, assented to the proposed reformation.[7]

2. *Discussion.* We may properly decide whether to modify a trust agreement to conform with a settlor's intent with respect to the marital deduction trust because it is a matter of State law. *Pond* v. *Pond,* 424 Mass. 894, 897 (1997). See *Loeser* v. *Talbot,* 412 Mass. 361, 365 (1992); *Berman* v. *Sandler,* 379 Mass. 506, 509 (1980); *Babson* v. *Babson,* 374 Mass. 96, 101-102 (1977); *Mazzola* v. *Myers,* 363 Mass. 625, 633 (1973). We may require the trust to be reformed on clear and decisive proof that the instrument fails to embody the settlor's intent because of scrivener's error. *Pond* v. *Pond, supra* at 897. See *Loeser* v. *Talbot, supra.* "To ascertain the settlor's intent, we look to the trust instrument as a whole and the circumstances known to the settlor on execution." *Pond* v. *Pond, supra.* See *Berman* v. *Sandler, supra.*

The trust instrument demonstrates that the settlor intended to qualify for the marital deduction under § 2056(b)(7) of the Internal Revenue Code. There is no question that Dino DiCarlo intended to ensure that his surviving spouse was provided for after his death. His will provided that all of his property pass to her. In 1981, he amended the trust so that the trustees could make distributions of the principal to her, in addition to distributions of the income. Disallowing the marital deduction would deplete the assets available to Josephine DiCarlo from the trust, thereby defeating Dino DiCarlo's intention to ensure that his wife be financially comfortable.

To qualify for the marital deduction, the trust must provide the surviving spouse a "qualifying income interest for life." 26

---

[7]The guardian ad litem for the minor grandchildren and for any interested persons unborn or unascertained also has assented to the proposed reformation.

U.S.C. § 2056(b)(7)(B)(ii). To meet this requirement, the trust must pay income at least annually to the surviving spouse. 26 U.S.C. § 2056 (b)(7)(B)(ii). Because Dino DiCarlo clearly intended to create a trust that qualified for the marital deduction, it can only be scrivener's error that omitted a clause that would have provided for income to be paid to Josephine Di-Carlo for life after his death.

We conclude that there is clear and decisive proof that the settlor intended to create a trust that qualified for the marital deduction. Thus, we agree that the trust should be reformed to give effect to the settlor's intent.

We remand this matter to the Probate and Family Court so that paragraph 9 of the second amendment to the trust can be reformed retroactively to the date of Dino DiCarlo's death to reflect his intention that, "during the life of Josephine E. Di-Carlo, the trustees shall pay the net income to her at least annually, and they shall make such additional distributions of principal to her from time to time as they deem necessary for her care, comfort, and maintenance as the sole beneficiary" of the marital deduction trust.

*So ordered.*