IN THE MATTER OF SUBSTITUTE INDENTURE OF TRUST. May 30, 2003. *Trust,* Reformation, Marital deduction trust. *Taxation,* Marital deduction. *Intent.*

Ellen Gould and Stanley Waldstein, trustees of the Substitute Indenture of Trust of The 1998 David F. Gould Family Trust, commenced this action in the county court, seeking reformation of the trust by adding the words "or all of the income from the principal whichever is greater," to the provision granting Elaine Gould — as the surviving spouse of the trust's settlor, David F. Gould — the right to an annual payment of $25,000 from the trust for her lifetime. According to the trustees, David intended that the trust qualify for the marital deduction under Federal and State law. They assert, however, that the manner in which the trust was drafted "neglected to conform to the requirements of [the] Internal Revenue Code" and relevant regulations, "resulting in a clear frustration" of David's intent.

It is well settled that a trust instrument may be reformed to conform with the settlor's intent. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001). "To ascertain the settlor's intent, we look to the trust instrument as a whole and the circumstances known to the settlor on execution." *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999), quoting *Pond* v. *Pond*, 424 Mass. 894, 897 (1997). Here, the trust instrument itself indicates David intended to create a trust that qualified for the marital deduction. Specifically, the provision limiting the trustees' powers states:

"Notwithstanding anything hereinabove to the contrary, any power granted to any fiduciary under this instrument shall not be exercisable

to the extent that such exercise would cause the Donor's estate to lose all or part of the tax benefit afforded by the marital deduction under federal and state laws and no power granted to any Fiduciary [shall] be exercisable to the extent that such exercise would cause the Trust property to be taxed to the Fiduciary for estate or gift tax purposes."

It would seem pointless to limit the trustees' powers in this manner if the trust did not, in fact, benefit from the tax benefit of the marital deduction. Therefore, we remand the case to the county court for entry of a judgment reforming the trust as proposed. See *Pond* v. *Pond, supra* (reforming trust to conform with requirements for marital deduction by inserting provision granting surviving spouse right to trust's annual income and discretionary principal payments during her lifetime).

*So ordered.*

*Robert M. Bonin & Mardic Marashian,* for Ellen Gould & another, submitted a brief.