BHALCHANDRA B. DIWADKAR, trustee,[1] *vs.* AKSHAY N. DALAL & others.[2] June 24, 2003. *Trust,* Reformation, Settlor, Beneficiary, Mistake.

Bhalchandra B. Diwadkar, trustee of the Akshay N. Dalal Irrevocable Trust, commenced this action in the county court, seeking declaratory relief and an order reforming certain provisions of the trust. Specifically, the trustee sought to correct an alleged scrivener's error by removing Akshay N. Dalal and his wife, Shobhana Dalal, as trust beneficiaries.

It is well settled that a trust instrument may be reformed to conform with the settlor's intent. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. "To ascertain the settlor's intent, we look to the trust instrument as a whole and the circumstances known to the settlor on execution." *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999), quoting *Pond* v. *Pond*, 424 Mass. 894, 897 (1997).

Here, Akshay expressly waived any right to alter, amend, or revoke the trust. He also waived the rights to sell, assign, or hypothecate the life insurance policies funding the trust. These actions are consistent with Akshay's intent, stated in an affidavit in support of the complaint, to create a trust that would provide funds to his issue after he and his wife had died, without being subject to estate taxes at the time of their respective deaths. See, e.g., *Simches* v. *Simches*, 423 Mass. 683, 688 (1996) (reforming qualified personal residence trust to avoid generation skipping transfer taxes by removing beneficiaries and recognizing that, "[i]n the area of trusts and estates, the reduction of taxes is often not just a factor affecting intent, but rather the overriding purpose of the entire transaction"). Therefore, we remand the case to the county court for the entry of a judgment reforming the trust as proposed.

*So ordered.*

*Laurie J. Hall & Joan Garrity Flynn*, for the plaintiff, submitted a brief.