JEANNE D'AMORE & others,[1] trustees,[2] *vs.* LUTHER M. STEPHENSON & others.[3] September 17, 2004. *Trust,* Reformation, Mistake. *Taxation,* Marital deduction.

Jeanne D'Amore, Robyn Stephenson Marino, and Kimberly Ann Stephenson, trustees of the Anna M. Stephenson Family Trust, commenced this action in the county court seeking reformation of the trust. They seek to add the words "and such other property" to Article Fifth of the trust, changing the definition of the marital deduction portion of the trust to: "the Donor's interest in that certain real estate known and numbered as 93 Pleasant Street in Arlington, Massachusetts, and such other property as held by her as Trustee of the ARS Realty Trust." At the time of the settlor's death, the only property held by the ARS Realty Trust was property other than 93 Pleasant Street. The trustees claim that Anna intended that the marital deduction portion of the trust be funded by any property held in the ARS Realty Trust, not only 93 Pleasant Street. Thus, the trustees argue that, unless reformation is granted, the marital deduction portion of the trust will go unfunded, frustrating Anna's intent that the trust qualify for the Federal estate tax marital deduction. All of the parties stipulated to the relevant facts. Moreover, the defendant beneficiaries assented to the relief sought, as did a guardian ad litem appointed to represent any unborn or unascertained beneficiaries. A single justice of this court reserved and reported the case to the full court.

It is well settled that a trust instrument may be reformed to conform to the settlor's intent. *Walker* v. *Walker,* 433 Mass. 581, 587 (2001), and cases cited. "To ascertain the settlor's intent, we look to the trust instrument as a whole and the circumstances known to the settlor on execution." *DiCarlo* v. *Mazzarella,* 430 Mass. 248, 250 (1999), quoting *Pond* v. *Pond,* 424 Mass. 894, 897 (1997). "In addition, we have indicated our willingness to accept extrinsic evidence, such as an attorney's affidavit, that demonstrates that there has been a mistake." *Walker* v. *Walker, supra.*

Here, the family trust instrument, the settlor's will, and the ARS Realty Trust, as well as the affidavit of the attorney who drafted all of those documents as part of an integrated estate plan, adequately demonstrate the settlor's intent that the trust qualify for the Federal estate tax marital deduction, and her intent that the deduction be funded by any property held by the ARS Realty Trust. See *DiCarlo* v. *Mazzarella, supra* at 250-251; *Berman* v. *Sandler,* 379 Mass. 506, 510-511 (1980). We therefore remand the case to the county court for entry of a judgment reforming the trust as proposed.

*So ordered.*

*Edward D. Tarlow & John D. Stuebing,* for the plaintiffs, submitted a brief.