*Daniel D. Tavares*, pro se.

George R. Barker & another,[1] settlors[2] *vs.* Elizabeth E. Barker, individually & as trustee,[3] & others.[4] September 14, 2006. *Trust,* Reformation, Settlor, Construction, Mistake.

The settlors of the Barker 1994 Irrevocable Trust commenced this action in the county court seeking reformation of the trust. A single justice of this court reserved and reported the case to the full court.

The agreed facts show that the settlors, the parents of four adult daughters (beneficiaries), created the trust to serve as owner of a "second to die" life insurance policy, and that the settlors intended that the insurance proceeds would not be included in the surviving settlor's gross estate for estate tax purposes. As originally drafted, however, the trust obligates the trustee (one of the daughters) to pay estate taxes out of the trust's principal, thus rendering the insurance proceeds includable in the gross estate. See 26 C.F.R. § 20.2042-1(b)(1) (2006); G.G. Bogert, Trusts and Trustees § 273.40, at 324-325 (3d ed. 2005); Budin, 826-2d Tax Management Multistate Tax Portfolios — Estates, Gifts, and Trusts: Life Insurance at 826-2d.A-2 (2006). In order to make the trust conform with their intent, the settlors request that the trust be reformed by striking the underlined language currently appearing in the trust:

> "[Article] SIXTH (C) Termination of Trust: Upon the death of the survivor of the Grantors the then remaining principal shall be *first used to pay any estate taxes due on the surviving spouse's estate and the then remaining principal shall be* divided into equal shares, so that there will be one share for each child of the Grantors who is then living and one share for each deceased child's share being divided equally into further separate shares for each deceased child's living descendants. . . ."

It is well settled that a trust instrument may be reformed to conform to the settlor's intent. *Walker* v. *Walker,* 433 Mass. 581, 587 (2001), and cases cited. "To ascertain the settlor's intent, we look to the trust instrument as a whole and the circumstances known to the settlor on execution." *DiCarlo* v. *Mazzarella,* 430 Mass. 248, 250 (1999), quoting *Pond* v. *Pond,* 424 Mass. 894, 897 (1997). "In addition, we have indicated our willingness to accept extrinsic evidence, such as an attorney's affidavit, that demonstrates that there has been a mistake." *Walker* v. *Walker, supra.*

The existence of a mistake in the drafting of a trust instrument must be established by "full, clear, and decisive proof." *Putnam* v. *Putnam,* 425 Mass.

---

[1] Dorothea C. Barker.

[2] Of the Barker 1994 Irrevocable Trust.

[3] Of the Barker 1994 Irrevocable Trust.

[4] Dianne Barker Coco, Karen J. Barker, and Laurie M. Barker.

770, 772 (1997), quoting *Berman* v. *Sandler*, 379 Mass. 506, 509 (1980). Such proof exists here: not only has the attorney who drafted the trust submitted an affidavit supporting the settlors' claim, but the settlors themselves have demonstrated through their own assertions their intent in executing the trust. Moreover, the case is before us on a statement of agreed facts and the sole adult beneficiaries' assent to the relief sought. Based on those considerations, we are confident that the trust, as the result of a drafting mistake, does not conform to the settlors' intent, and that reforming the trust as requested will effectuate their intent. We therefore remand the case to the county court for entry of a judgment reforming the trust as proposed.

*So ordered.*

The case was submitted on briefs.

*William F. O'Connor* for the plaintiffs.