LESLIE SLAVIN, trustee,[1] *vs.* CAROL A. BECKWITH & others.[2] April 9, 2010. *Trust,* Reformation, Taxation. *Taxation,* Trust.

The trustee of the Leo M. Beckwith Trust (trust) commenced this action in the county court, seeking reformation of the trust. A single justice reserved and reported the case to the full court.

*Background.* The parties before us have assented to the factual allegations in the complaint. The settlor, Leo M. Beckwith,[3] first established a trust in 1964 and amended it from time to time thereafter. In 2001, with assistance of counsel, he executed an "Amendment and Restatement" of the trust, which restated the trust in its entirety. The trust was further amended in 2002. In relevant part, the trust provides for the establishment, on Leo's death, of two subtrusts for the benefit of his daughters, Carol A. Beckwith and Lois Beckwith Pike, as primary beneficiaries. The remainder beneficiaries are Lois's adult children, Rory Heller and Sarah Heller, as well as any as yet unborn descendants they or Carol may have. The trust further grants Carol and Lois powers of appointment, exercisable by will in favor of their creditors, over certain defined "appointive properties" in each of their subtrusts. The term "appointive properties" was defined as the smaller of (1) any amount that would be subject to a generation skipping transfer (GST) tax if not included in Carol's and Lois's estates and (2) that amount which, when included in their estates, would cause one dollar to be subject to Federal estate tax at the highest marginal tax rate then in effect. According to affidavits submitted by the trustee and by an attorney who assisted in the drafting of the trust,[4] this provision, defining the property subject to a power of appointment by reference to tax rates, was intended to minimize taxes by including in Carol's and Lois's taxable estates any property on which the estate tax would be less than the GST tax that would otherwise be imposed. Such a provision, the affiants represent, has no purpose other than to minimize taxes.

---

[1]Of the Leo M. Beckwith Trust.

[2]Rory Heller, Sarah Heller, and the Commissioner of Internal Revenue. The commissioner has not participated in this case.

[3]We shall refer to the settlor and members of his family by their first names.

[4]The attorney who was primarily responsible for drafting the trust (as amended and restated in 2001), and who also served as trustee at one time, died in 2008.

Leo died in 2004, and his estate was probated in Florida. His death triggered the establishment of the subtrusts for Carol and Lois. Leo's estate paid estate taxes on the funds that were transferred to the subtrusts. In particular, his estate paid $1,544,182 in estate taxes on the assets that funded Lois's subtrust.

Lois died in 2008. At the time of her death, she was a resident of New Zealand subject to United States estate taxes. In her will, Lois exercised the power of appointment granted to her in the trust. Any portion of Lois's subtrust that is not included in her estate will be subject to a GST tax.

Federal estate tax law provides for a credit, known as the credit for tax on prior transfers (TPT credit), for "all or a part of the amount of the Federal estate tax paid with respect to the transfer of property . . . to the decedent by or from a person . . . who died within 10 years before or within 2 years after the decedent's death." 26 U.S.C. § 2013(a) (2006). Because of the proximity in time between Leo's and Lois's deaths, Lois's estate is entitled to take a TPT credit. According to the trustee, the trust provision defining the term "appointive properties" fails to take account of estate tax credits such as the TPT credit and, as a result, fails to minimize taxes as Leo intended. The trustee's proposed reformation would slightly alter the definition of the term "appointive properties" to correct this error.

In an unpublished order issued after this case was submitted, we directed that a guardian ad litem be appointed to represent the interests of the unborn and unascertained beneficiaries. The guardian ad litem submitted a report in which he recommended that the trust be reformed as proposed by the trustee, but with additional language defining the terms "net federal estate tax" and "effective marginal rate" as used in the trustee's proposal. This, the guardian ad litem explains, would clarify the proposed reformation, as these terms are otherwise undefined. The named beneficiaries have assented to the proposed reformation as modified by the guardian ad litem.

*Discussion.* We may reform a trust to conform to the settlor's intent when the instrument as drafted fails to accomplish the settlor's intended tax objectives. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. We require clear and decisive proof that the instrument fails to embody the settlor's intent. *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999). The trustee has submitted affidavits attesting to Leo's intent to minimize taxes. Indeed, the affiants state that the key provision here, the provision defining "appointive properties" in a manner dependent on differing GST and estate tax rates, has no purpose other than to minimize taxes. Moreover, the trust as a whole is pervaded with evidence of Leo's tax consciousness. The trust in its current form frustrates Leo's intent to minimize taxes, as the guardian ad litem explains, because it does not take into consideration the circumstances under which credits, such as the TPT credit, might be available that would reduce the estate tax for either of Leo's daughters. The guardian ad litem also opines that the proposed reformation, as modified, is in the interests of any unborn and unascertained beneficiaries due to the tax savings that would result. In these circumstances, we are persuaded that the trust should be reformed.

*Conclusion.* A judgment shall enter in the county court reforming the trust as proposed in paragraph 33 of the trustee's complaint, as modified in accordance with the guardian ad litem's recommendation.

*So ordered.*

The case was submitted on briefs.

*Edward Notis-McConarty & Alistair E. S. Baldwin* for the plaintiff.