Joshua Bruner & another,[1] trustees,[2] *vs.* Simeon Bruner & others.[3] January 27, 2011. *Trust,* Reformation. *Taxation,* Estate tax.

The trustees of the Leslie Gould Revocable Trust (trust) commenced this action in the county court, seeking reformation of the trust. After appointing a guardian ad litem to represent the interests of minor, unborn, and unascertained beneficiaries, the single justice reserved and reported the case to the full court. We conclude that the trust should be reformed.[4]

*Background.* The named beneficiaries, who are the settlor's surviving spouse, her children, and two of her spouse's nephews, whom the settlor and her spouse raised after the death of their parents, as well as the trustees and the guardian ad litem, have all assented to the facts alleged in the complaint. The settlor originally executed the trust in 1992. The trust has been amended since then, and it was completely amended and restated on October 24, 2006. In relevant part, the trust provides that the assets will be divided between two subtrusts: the "marital trust" for the benefit of the settlor's surviving spouse, and the "family trust" for the benefit of the remaining named beneficiaries and their issue. Article Eleventh of the trust, in its current form, prescribes a formula by which the marital trust is to be funded, with any remaining trust assets to be placed in the family trust. The settlor intended that the family trust be funded in an amount that would be free of both Federal and Massachusetts estate taxes, and the formula for funding the marital trust was intended to accomplish this result. She further intended to minimize taxes on her own and her husband's estates.

The settlor died on July 8, 2007. Her will, which provides that the residue of her estate passes to the trust, was proved and allowed by decree of the Probate and Family Court on December 24, 2007. Timely Federal and Massachusetts estate tax returns were filed for her estate in October, 2008. Those returns set forth the value of the trust assets for the purpose of calculating the dollar amount allocable to the marital trust under Article Eleventh. Given the values set forth on the tax returns, there should have been sufficient trust assets remaining to fund the family trust, fulfilling the settlor's intent in that regard. However, since the date of the settlor's death, the value of the trust assets has declined significantly and unexpectedly. As a result, after the marital trust is funded according to the existing formula, there will be nothing remaining for the family trust, frustrating the settlor's intent.

[1] Richard Bluestein.

[2] Of the Leslie Gould Revocable Trust.

[3] Aaron Bruner; Sarah Bruner; Rodney Michael Green; Jeremy Alan Green; minor, unborn, and unascertained beneficiaries of the Leslie Gould Revocable Trust; the Commissioner of Internal Revenue (Federal commissioner), and the Commissioner of Revenue (Commonwealth commissioner). The Federal commissioner has not responded to the complaint or otherwise participated in this case, and the Commonwealth commissioner has indicated that the Commonwealth takes no position on the merits of the case.

[4] Following the oral argument in this case, and at the court's request, the trustees supplied the court with a detailed affidavit from the attorney who drafted the trust instrument and related documents, as well as an affidavit from the settlor's surviving spouse. Their motion to expand the record to include these items is allowed. The affidavits provide valuable information not otherwise included in the record regarding the settlor's estate planning goals and intentions and the circumstances surrounding the preparation of the estate planning documents. Parties in future cases are reminded of their obligation to supply the court with "a full and proper record and the requisite degree of proof that they are entitled to the relief they seek," *Walker* v. *Walker,* 433 Mass. 581, 582 n.5 (2001), and should be prepared to rely on the record that they have furnished to the court.

The proposed reformation is intended to remedy this problem. The trustees request that Article Eleventh be reformed to provide that the family trust be funded first, with the remaining trust assets allocated to the marital trust. This reformation, the trustees argue, would not only effectuate the settlor's intent to fund the family trust, but would also minimize the eventual taxes on her surviving spouse's estate by reducing the assets allocated to the marital trust. All parties and the guardian ad litem have assented to the proposed reformation.

*Discussion.* We may reform a trust to conform to the settlor's intent when the instrument as drafted fails to accomplish the settlor's intended tax objectives. See *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. We require clear and decisive proof that the instrument fails to embody the settlor's intent. See *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999). It is sufficiently clear on this record that the settlor intended to minimize her own and her surviving spouse's estate taxes. The trust instrument itself contains abundant evidence of the settlor's intent to minimize taxes. The proposed reformation might be seen as accomplishing this tax result somewhat to the detriment of the surviving spouse, as it would reduce the funds allocated to his benefit. However, the settlor's spouse agrees that the trust should be so reformed to accommodate the settlor's dominant interest, which was to minimize the spouses' combined tax liability to the fullest extent possible. We are also satisfied that the settlor intended that funds be allocated to the family trust for the benefit of her children, her spouse's nephews, and their issue. The record indicates that at the time that the trust was restated in 2006, the settlor understood that the effect of Article Eleventh would be to fund the family trust in an amount that would be sheltered from estate taxes. The proposed reformation would accomplish the settlor's objectives, which would otherwise be frustrated both by the precipitous decline in the value of the trust assets since her death and by the fact that the trust as currently drafted leaves the family trust vulnerable to such a decline. On this record, we agree that the trust should be reformed as requested.

*Conclusion.* A judgment shall enter in the county court reforming the trust by striking Article Eleventh and replacing it with the new version of Article Eleventh set forth in the complaint.

*So ordered.*

*Robert M. Geurden* (*Kenneth P. Brier* with him) for the plaintiffs.