ROCKLAND TRUST COMPANY, trustee,[1] *vs.* ATTORNEY GENERAL & others.[2] October 11, 2012. *Trust,* Reformation, Taxation. *Taxation,* Trust.

The trustee of a trust established by Carol Vollmer (settlor) commenced this action in the Probate and Family Court, seeking reformation of the trust to comply with certain provisions of the Internal Revenue Code. A judge in that court reported the case to the Appeals Court, and we granted the trustee's application for direct appellate review. We conclude that the trust should be reformed as requested.

The facts are not in dispute. The settlor established the trust in 1993. The trust provides in relevant part that on the death of the settlor, the trustee would hold the trust property and pay from the income thereof as one or two $10,000 scholarships to students of Scituate High School and that if the net income is less than $10,000, the whole amount of net income is to be paid as a scholarship. Recipients are to be chosen by a committee consisting of the Scituate superintendent of schools, the Scituate High School principal, and the chairperson of the Scituate High School English department, who are to apply certain selection criteria specified in the trust. The trustee is to add any income not distributed as scholarships (that is, any income above an amount divisible by $10,000) to the principal. The scholarship fund is to be known as "The Carol Vollmer Scholarship Fund" (fund). The trust does not identify any other beneficiaries.[3] The settlor died testate in 2006, leaving the bulk of her estate to the fund.

---

[1]Under a declaration of trust of Carol Vollmer.

[2]Commissioner of Internal Revenue and Commissioner of Revenue.

[3]Our review of the trust document indicates that there are no potential minor, incompetent, unborn, or unascertained beneficiaries of the trust. All trust property and income are devoted to the fund, and there is no provision for any natural person or

The trust has applied to the Internal Revenue Service (IRS) to be treated as an income tax exempt private charitable foundation for purposes of the Internal Revenue Code (I.R.C. or Code). The IRS has declined to grant this status unless the trust is amended to demonstrate a general intent to benefit charity and not merely a specific intent to benefit a particular institution. Although the trust sets forth a specific charitable purpose, scholarships for education, it does not contain language evidencing a general charitable intent, as required by I.R.C. § 501(c)(3) (2006). If the trust does not qualify for a charitable exemption from income taxation, it will pay an income tax at a high marginal rate, substantially reducing the income available to distribute as scholarships. The trustee asserts that, due to a scrivener's error, the trust language does not reflect the settlor's general charitable intent. This is supported by an affidavit of the attorney who drafted the trust. In addition, two friends of the settlor have submitted affidavits attesting to her considerable charitable donations and volunteer work. The trustee accordingly proposes that the trust be reformed to include the language evincing the settlor's general charitable intent, as required by § 501(c)(3).

In addition, the trustee proposes a further reformation to avoid certain taxes on the undistributed income of the trust. Section 4942(a) of the Code (2006) imposes an initial tax on any undistributed income retained by a private foundation. Undistributed income is defined as the amount by which distributable income (the minimum investment return minus the amount of certain taxes) exceeds the qualifying distributions. The minimum investment return would equal five per cent of the fair market value of the trust's investment assets. Section 4942(b) of the Code (2006) imposes an additional tax of one hundred per cent on any undistributed income retained by a private foundation at the end of any taxable period in which the initial tax is imposed. The trustee is finding it difficult to comply with I.R.C. § 4942 because scholarship amounts under the trust instrument as currently drafted cannot exceed $10,000 of trust income (or multiples thereof). If the trust does not comply with § 4942, the trust would incur a tax on the income generated by the trust. This would reduce the amount available for scholarships, as shown in an affidavit submitted by the trust officer responsible for the trust. This would defeat the settlor's purpose, as she wished to have as much of the trust income as possible used for scholarships. The trustee therefore proposes that the trust be reformed to allow the scholarship committee to distribute all the distributable funds in one or more equal scholarships.[4] If the total distributable funds exceed $10,000, each scholarship would be worth at least $10,000 under the proposed reformation.

We may reform a trust to conform to the settlor's intent when, due to a scrivener's error, the instrument as drafted fails to do so. See *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. We require clear and decisive proof that the instrument as drafted fails to embody the settlor's intent. See *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999). It is clear on

entity to receive any portion and no contingency under which any person's or entity's interests would be adversely affected by the proposed reformation. Accordingly, we agree that on this record, there is no need to appoint a guardian ad litem.

[4]We note, however, that the language proposed by the trustee calls for the funds to be "divided into an equal number of scholarships," which does not precisely convey the intent to divide the funds into scholarships of equal amounts.

this record that the settlor intended to provide scholarships annually and that she intended that as much of the trust income as possible be used for this purpose. Her charitable intent is also clear on this record. As written, the trust instrument results in tax consequences that reduce the amount of income used for scholarships and frustrate the settlor's intent. Moreover, the proposed reformations would not be adverse to any person's or entity's interests under the trust instrument, as there are no other potential beneficiaries. Accordingly, reformation is warranted on this record.

A judgment shall enter in the Probate and Family Court reforming the trust as requested in paragraphs 26 and 27 of the complaint, except that, as to the reformation requested in paragraph 26, the second sentence shall provide, "If the Distributable Funds exceed Ten Thousand Dollars ($10,000), the Distributable Funds shall be divided into a number of scholarships in equal amounts, provided, however, that each scholarship must be at least Ten Thousand Dollars ($10,000)."

*So ordered.*

The case was submitted on briefs.

*Kevin M. Burke & David E. Cunningham* for the plaintiff.