F. DAVIS DASSORI, & another,[1] trustees,[2] *vs.* JANET H. PATTERSON & others.[3] January 30, 2004. *Trust,* Reformation, Mistake.

F. Davis Dassori and Janet H. Patterson, trustees of the Lloyd G. Patterson Trust, commenced this action in the Probate and Family Court seeking an order reforming a provision of the trust. A probate judge reported the case to the Appeals Court for determination, and we granted the trustees' application for direct appellate review. Specifically, the trustees seek to correct an alleged scrivener's error by eliminating language that permits the trustees to distribute income and principal in their discretion to the settlor's issue should his wife survive him but become incompetent. The trustees allege the Internal Revenue Service has taken the position that this provision may prevent the trust from qualifying for the Federal estate tax marital deduction. The trustees further allege that the provision conflicts with the settlor's stated desire to give his wife unfettered control over the trust property, and his understanding, based on communications with counsel, that no estate taxes would be due on his death.

It is settled that a trust instrument may be reformed to conform with the settlor's intent. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. "To ascertain the settlor's intent, we look to the trust instrument as a whole and the circumstances known to the settlor on execution." *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999), quoting *Pond* v. *Pond*, 424 Mass. 894, 897 (1997). "In addition, we have indicated our willingness to accept extrinsic evidence, such as an attorney's affidavit, that demonstrates that there has been a mistake." *Walker* v. *Walker*, *supra*.

Here, the trustees have provided adequate proof of the settlor's intent in the form of letters between the settlor and the attorney who drafted an amendment to the trust, as well as an affidavit from that attorney. These documents, as well as language in the trust instrument itself, demonstrate that the settlor did intend that the trust qualify for the Federal estate tax marital deduction and that the trust property be under the unfettered control of his wife during her lifetime if she survived him. See *id.* at 588.

We therefore remand the case to the Probate and Family Court for the entry of an appropriate judgment reforming the trust, as proposed.

*So ordered.*

*Charles A. Cheever* for the plaintiffs.

[1]Janet H. Patterson.

[2]Of the Lloyd G. Patterson Trust.

[3]David Lloyd Patterson; James Francis Patterson; Katherine M. Nuss; Kenneth Hayes Nuss; Christopher W. Sievers; Jeanette Sievers Weibel; Francis W. Hayes, Fourth; Sarah Hayes; and the Commissioner of Internal Revenue.