ROSEMARY L. FERRO, trustee,[1] *vs.* SCHOOL DEPARTMENT OF NEW BEDFORD & another.[2] November 16, 2006. *Trust,* Reformation.

The trustee of the Mary S. Souza Living Trust commenced this action in the county court seeking reformation of the trust instrument. As drafted, the trust instrument directs the establishment of the "Moses & Mary Souza Scholarship Fund," from which scholarships are to be awarded to qualified students graduating from New Bedford High School; after ten years, the remainder of the res will be gifted to the school department of New Bedford for the benefit of New Bedford High School. The trustee alleges that, because of a mistake in drafting, and contrary to the settlor's intentions, the fund fails to satisfy the requirements of the Internal Revenue Code (I.R.C.) necessary to qualify it as a tax-exempt entity organized for educational or charitable purposes. She seeks reformation of the trust instrument in order to authorize the school department, rather than the trustee, to hold and administer the fund, and she requests that the reformation be effective as of November 6, 1998.

While the trust instrument gives the trustee various rights and obligations and authorizes her to "perform any other act and thing necessary or appropriate for the administration of my estate or any Trust hereunder," it does not specifically authorize the trustee to organize the fund as an entity or private foundation under I.R.C. § 501. Under Massachusetts law, a trust instrument may be reformed "if, because of a mistake, it fails to conform to the settlor's intent," *Fleet Nat'l Bank* v. *Wajda,* 434 Mass. 1009, 1010 (2001), particularly where the trust instrument "produced tax results that were clearly inconsistent with the settlor's tax objectives." *Id.,* quoting *Walker* v. *Walker,* 433 Mass. 581, 587 (2001). In this case, the trust instrument manifests the settlor's intent that the residue of her estate be used for charitable or educational purposes, and the drafting attorney's affidavit attests to the settlor's expressed desire that a tax advantaged scholarship fund be established, followed by an outright gift to the school department for the benefit of the high school. See *Dassori* v. *Patterson,* 440 Mass. 1039 (2004); *DiCarlo* v. *Mazzarella,* 430 Mass. 248, 250 (1999). The drafting attorney avers specifically that the settlor "intended the assets in the Mary S. Souza Living Trust to pass free of estate taxes upon her death to the Scholarship Fund." See *BankBoston* v. *Marlow,* 428 Mass. 283, 285 (1998).

The proposed reformation accomplishes the settlor's objective by transferring responsibility for holding and administering the fund from the trustee to the school department of New Bedford, a municipal entity. As a result of this change, the fund will qualify for tax exemption under I.R.C. § 501. Although this change also would relieve the trustee of her right and responsibility to

---

[1] Of the Mary S. Souza Living Trust.

[2] The Commissioner of Internal Revenue was named as a defendant, but has not appeared.

select scholarship recipients during the initial ten-year period, the trust instrument as written gives the trustee the discretion whether to accept that right and responsibility in the first place. Given that she is the one requesting reformation, we are satisfied that the reformation effectuates, and is not contrary to, the settlor's intent.

We remand the case to the county court for entry of a judgment reforming the trust substantially as sought in exhibit E to the complaint, effective November 6, 1998. However, because the record does not demonstrate a basis on which to reform the last sentence of paragraph 5 of exhibit E as requested, that sentence shall be amended to provide, "This Fund is to be used for the benefit of said New Bedford High School."[3]

*So ordered.*

The case was submitted on briefs.

*Irene B. Schall* for the plaintiff.

[3]The parties may, if they choose, advise the single justice that they also wish to have the trust amended by adding the words "the Trust, or the Trustee," after the phrase "the Donor's probate estate," in paragraph 3 of exhibit E.

