GEORGE HAROOTIAN, trustee,[1] vs. MICHAEL H. DOUVADJIAN, executor.[2]

No. 10-P-1798.

Worcester. July 20, 2011. - October 4, 2011.

Present: TRAINOR, BROWN, & CARHART, JJ.

*Practice, Civil,* Summary judgment. *Trust,* Trustee's discretion, Use of principal. *Words,* "Reasonable," "Comfort and maintenance."

This court declined to review a plaintiff's appeal from the denial of his motion for summary judgment, where a trial on the merits of the issue that formed the basis of that motion had already occurred. [566-567]

In an action brought by a remainder beneficiary of a trust (plaintiff) challenging certain expenditures made from the trust by the former trustee (the widow of the settlor of the trust), in which the plaintiff claimed that the widow, who was also the lifetime beneficiary of the trust, abused her fiduciary duty by spending trust principal for herself after the settlor's death, the judge correctly allowed summary judgment in favor of the defendant, the executor of the widow's estate, where the language of the trust reflected the unequivocal intention that the widow's living expenses were to be borne exclusively by the trust income and principal, and where the plaintiff failed to demonstrate that the challenged expenses were a departure from the widow's standard of living prior to the settlor's death. [567-569]

CIVIL ACTION commenced in the Superior Court Department on August 15, 2005.

After proceedings before *John J. McCann,* J., the issue of the propriety of certain disbursements from the trust principal was heard by *Janet Kenton-Walker,* J.

*Hanson S. Reynolds (Philip T. Soloperto, Jr.,* with him) for the plaintiff.

*Benjamin C. Rudolf (Roy A. Bourgeois* with him) for the defendant.

BROWN, J. The plaintiff, George Harootian, individually and as

[1] Of the Arthur Ansbigian Trust, and individually.
[2] Of the estate of Beatrice Ansbigian, individually, and as trustee of the Beatrice Ansbigian Trust.

trustee of the Arthur Ansbigian Trust (trust), brought this action to challenge certain expenditures made from the trust by the former trustee, Beatrice Ansbigian (Beatrice). Beatrice was the widow of Arthur H. Ansbigian (Arthur), the settlor of the trust, and she was also the lifetime beneficiary of the trust. The plaintiff claims that Beatrice abused her fiduciary duty to him as a remainder beneficiary of the trust, by spending trust principal for herself after her husband's death. A Superior Court judge allowed summary judgment in favor of the defendant, Michael Douvadjian, the executor of Beatrice's estate. We affirm.

As an initial matter, we address the plaintiff's appeal from the July 31, 2008, denial of his motion for summary judgment, the first of two. In that motion, the plaintiff sought a ruling, as matter of law, that the trust provided that he was to serve as co-trustee with Beatrice after Arthur's death. The defendant filed a cross motion for summary judgment, claiming that a scrivener's error in the drafting of the trust, appointing the plaintiff as successor trustee after Arthur's death, warranted reformation of the trust.[3] In the face of conflicting evidence regarding Arthur's intent, the judge denied the cross motion for summary judgment, and the issue was tried to a jury.

Because there already has been trial, we do not review the plaintiff's appeal from the denial of his first motion for summary judgment. It is well-established that "the denial of motions for summary judgment and partial summary judgment will not be reviewed on appeal after a trial on the merits." *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.*, 398 Mass. 118, 126 (1986). As the Supreme Judicial Court explained:

"The purpose of summary judgment is to bring litigation to an early conclusion without the delay and expense of a trial when no material facts are at issue, and it goes without

---

[3]A trust instrument may be reformed upon proof that its language does not conform with the settlor's intent, as may be shown by the drafting attorney's affidavit or other extrinsic evidence demonstrating that there has been a mistake. *Putnam* v. *Putnam*, 425 Mass. 770, 772 (1997). *Dassori* v. *Patterson*, 440 Mass. 1039 (2004). Compare *Berman* v. *Sandler*, 379 Mass. 506, 509-510 (1980) (distinguishing reformation of trusts for unilateral scrivener's mistake from reformation of contracts, which requires proof of mutual mistake); *Pelligrini* v. *Breitenbach*, 456 Mass. 876, 880 (2010) (in contrast to a trust instrument, courts have no power to reform a will).

saying that that purpose cannot be served after the case has gone to trial. The merits of a claim are better tested on appeal on the record as it exists after an evidentiary trial, than on the record in existence at the time the motion for summary judgment was denied."

*Ibid.* This is true even if we think summary judgment should have been allowed. *Sullivan* v. *First Mass. Fin. Corp.*, 409 Mass. 783, 790-791 (1991).[4]

Here, after the denial of the plaintiff's first motion for summary judgment, there was a trial on the merits of the issue that formed the basis of that motion. The jury specifically found, in answer to special questions, that it was Arthur's intent, in the event he died before Beatrice, that Beatrice would serve as sole trustee and the plaintiff would become trustee only after both Arthur and Beatrice were unable to serve. The plaintiff did not appeal from any aspect of the special verdict or from any rulings made by the judge at trial. Therefore, the issue of Arthur's intent in appointing the plaintiff as successor trustee will not be revisited on appeal. See, e.g., *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.*, 398 Mass. at 125 (no appeal from dismissal of counterclaim where summary judgment was denied and plaintiff failed to preserve for appeal the judge's rulings made at trial). Compare *Winchester Gables, Inc.* v. *Host Marriott Corp.*, 70 Mass. App. Ct. 585, 593 (2007) (lack of right to appeal denial of summary judgment motion based on ambiguity of contract did not preclude appeal from trial judge's findings after trial on the merits of that issue).

We turn to the plaintiff's remaining arguments.

The parties agreed to bifurcate the trial, and to try separately the plaintiff's challenge to certain expenditures made from the trust after Arthur's death. After conclusion of the first trial, the parties filed cross motions for summary judgment on the expenditures. The judge allowed summary judgment for the defendant, and the plaintiff appealed.[5]

---

[4]The rule does not bar review of the denial of summary judgment when the trial on the merits involved a different claim from that which was the basis for the summary judgment motion. *Bacon* v. *Federal Kemper Life Assur. Co.*, 400 Mass. 850, 851 n.3 (1987). That is not the situation here.

[5]We, of course, review the entry of summary judgment de novo. *Miller* v. *Cotter*, 448 Mass. 671, 676 (2007).

The sole issue before us, then, is the correctness of the entry of summary judgment for the defendant as to the propriety of certain disbursements from the trust principal, in the total amount of $214,038, made by Beatrice, as trustee, to pay her expenses, as lifetime beneficiary of the trust. The plaintiff challenges Beatrice's use of trust principal with respect to the following: (1) to pay her taxes, in the amount of $53,648; (2) to pay the defendant for his services in assisting with her finances and care, in the amount of $7,940; and (3) her failure to return to the trust a rebate check from an assisted living facility, in the amount of $153,450, that was reimbursed from the original payment of $165,000, paid from the trust.[6]

The plaintiff complains that Beatrice abused her discretion as trustee by invading the trust principal for her support because she had assets of her own with which to pay her bills. The cases do not support that view. The trust provided that upon Arthur's death, the trustee had the power to invade the trust principal "for the support in reasonable comfort and maintenance of" Beatrice. The Supreme Judicial Court has interpreted similar trust language as reflecting "the unequivocal intention that [the widow's] living expenses are to be borne exclusively by the trust income and principal." *Holyoke Natl. Bank* v. *Wilson*, 350 Mass. 223, 229 (1966) (trustee authorized to use trust principal "for [wife's] comfort, maintenance and support"). By contrast, "where there is language manifesting a contrary intention, the usual case being where a trustee's discretion to pay is qualified by such words as 'when in need' or 'if necessary,' we have reached the opposite result." *Id.* at 228 (citations omitted). See *Woodberry* v. *Bunker*, 359 Mass. 239, 243 (1971) ("when in need" or "if necessary" indicate that other resources of the beneficiary are to be considered); *Boston Safe Deposit & Trust Co.* v. *Boynton*, 15 Mass. App. Ct. 103, 105 (1983) (trust language that principal to be used as deemed "necessary" by trustee

---

[6]According to the undisputed facts, prior to Arthur's death, the couple resided at their house in Andover. Beatrice had been hospitalized when Arthur died, and, except for attending his funeral, she never returned home. Following Arthur's death, Beatrice purchased a residence at an assisted living facility and briefly resided there, but then spent most of the remaining two years of her life in a nursing home. The rebate check in the amount of $153,450 was to reimburse Beatrice for the unused time in the assisted living facility.

if trust income was "insufficient" for beneficiary's support, indicated that beneficiary's assets were to be considered).

Without the requisite qualifying language in Arthur's trust, Beatrice was not required to use her own assets before invading the trust principal to pay for her support. The plaintiff cites to no authority for the proposition that the word "reasonable," appearing in the trust before "comfort and maintenance," meant that Beatrice should have used her own assets so as to preserve the trust principal for the remainder beneficiaries. Thus, we conclude, as did the trial judge, that as matter of law Arthur intended for Beatrice to be supported from the trust principal even though she had other assets.

With regard to the specific expenditures complained of, what constituted support for Beatrice in reasonable comfort and maintenance is measured by reference to her standard of living before she became a beneficiary of the trust. *Marsman* v. *Nasca*, 30 Mass. App. Ct. 789, 795 (1991). See *Woodbury* v. *Bunker*, 359 Mass. at 240-241 (payment of principal for the beneficiary's "comfortable support, medical or nursing care" meant maintaining the beneficiary in accordance with his usual standard of living). The plaintiff does not persuade us, either with law or facts, that payment of Beatrice's taxes and payment for the defendant's assistance with her finances and care were a departure from her standard of living prior to Arthur's death.

As to the rebate check from the assisted living facility, the plaintiff failed to refute the evidence that Beatrice previously loaned the trust $150,000 and that the rebate check was placed in her personal account, rather than returned to the trust account, to repay the loan. The plaintiff now asserts only a procedural challenge to the repayment of the loan, arguing that it should have been raised as an affirmative defense or counterclaim in the defendant's answer. As this specific expenditure does not appear in the plaintiff's complaint, and apparently was first made at summary judgment, the plaintiff has not shown that the defendant's failure to plead offset constituted a waiver.

Based on the foregoing, we affirm the April 14, 2010, grant of summary judgment for the defendant.

*Judgment affirmed.*