NANCY P. HOLDEN, trustee,[1] *vs.* NANCY P. HOLDEN, executrix,[2] & others.[3] May 24, 2002. *Trust,* Reformation, Settlor, Mistake.

Nancy P. Holden, sole trustee of the Holden Family Trust, commenced this action in the county court, seeking reformation of the trust by insertion of a provision granting her — as the surviving spouse of the trust's settlor, William E. Holden — the right to receive the trust's annual income and certain principal payments during her lifetime. According to her, omission of such a provision was due to a scrivener's error and does not reflect the intent of her late husband. The defendants, beneficiaries of the trust, assented to the relief sought. A single justice of this court reserved and reported the case to the full court.

This case is virtually identical to *Pond* v. *Pond,* 424 Mass. 894 (1997) (reforming trust in same manner based on construction of highly similar trust agreement and will). For the reasons stated in that case, we remand this case to the county court for entry of a judgment reforming the trust as proposed.[4]

*So ordered.*

The case was submitted on briefs.
*Mark A. Leahy* for the trustee.

---

[1]Of the Holden Family Trust.

[2]Of the estate of William E. Holden.

[3]Nancy P. Holden, individually; Todd M. Holden; Geoffrey Rogers; Christopher Rogers; Susan Allen; and Karen Amodeo.

[4]We take this opportunity to remind litigants and attorneys bringing trust reformation cases before this court of their obligation to provide "a full and proper record and the requisite degree of proof that they are entitled to the relief they seek." *Walker* v. *Walker,* 433 Mass. 581, 582 n.5 (2001).