SYBIL J. SHEINKOPF & another,[1] trustees,[2] *vs.* ANNE W. BORNSTEIN & others.[3] March 4, 2005. *Trust,* Reformation, Taxation, Marital deduction trust. *Taxation,* Estate tax.

---

[1] Steven H. Sheinkopf.

[2] Of The Louis Bornstein Family Trust.

[3] Sybil J. Sheinkopf, Steven J. Sheinkopf, Laurie S. Solosky, Marilyn R. Newman, Jonathan Bornstein, Lynne Bornstein, Justin C. Newman, Samantha P. Newman, and the Commissioner of Internal Revenue. The Commissioner did not file an appearance and was defaulted.

The trustees of the Louis Bornstein Family Trust commenced this action in the Probate and Family Court. They seek reformation of the trust instrument so that a portion of the trust would qualify for the Federal estate tax marital deduction; specifically, to amend Article Fourth of the trust to allow a trust for Anne Bornstein, Louis Bornstein's widow, to qualify for the marital deduction. The trustees allege that the trust as written does not give effect to the settlor's intent to provide his wife "with the quality of life which she presently enjoys," because the trust does not now qualify for the marital deduction. According to the trustees, absent a marital deduction, the principal does not provide sufficient income for Anne Bornstein's share to meet her current and anticipated future expenses in the lifestyle she enjoyed before her husband's death. The defendants, beneficiaries of the trust, have assented to the relief sought.[4] The relevant facts are not in dispute.[5] A judge in the Probate Court reported the case to the Appeals Court. We granted the trustees' application for direct appellate review.

It is settled that a trust instrument may be reformed to conform with the settlor's intent. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. "To ascertain the settlor's intent, we look to the trust instrument as a whole and the circumstances known to the settlor on execution." *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999), quoting *Pond* v. *Pond*, 424 Mass. 894, 897 (1997).[6] Here, the settlor explicitly stated in the trust instrument that payments of income and principal must be made for Anne Bornstein's "support, medical care, and enjoyment so that [she] can continue with the quality of life which she presently enjoys." There is no such provision for any other beneficiary. Without reformation, according to the trustees, Anne Bornstein's share of the trust is $1,967,000, which the trustees contend produces insufficient income to pay for Anne's expenses in the lifestyle she enjoyed during Louis's lifetime. If the trust is reformed, her share, in a Federal estate tax marital deduction trust, would be $6,740,000, producing an estimated annual income sufficient to meet her expenses, according to the trustees. Through application of the Federal marital deduction, the trustees represent, the estate would conserve approximately $4,015,147 in Federal and State estate taxes. If the trust is reformed, it is less likely the trustees will have to invade principal, and assets will be conserved for distribution to other beneficiaries. *BankBoston* v. *Marlow*, 428 Mass. 283, 286 (1998) (reformation allowed when tax results are clearly inconsistent with settlor's tax objectives). Several provisions of the trust, for example, those showing Louis's intent to reduce the

---

[4]The guardian ad litem representing the interests of minor, unborn, or unascertained beneficiaries also assented to the relief requested. After the case was submitted, we directed the trustees to provide the report of the guardian ad litem. They have done so, and the report demonstrates that the interests of minor, unborn, or unascertained beneficiaries will not be adversely affected by the requested reformation.

[5]With their original submission to this court, the trustees represented that all beneficiaries had assented to the relief requested but did not say whether they assented to the specific facts. We ordered the trustees "to supply an agreed statement of the relevant facts (or other proof that the facts are undisputed)." In response, the trustees have submitted statements signed by the beneficiaries stating that to the best of their knowledge and belief, the facts stated in the complaint are complete, true, and accurate. We are satisfied that the beneficiaries assent to the facts.

[6]We have also indicated our willingness to accept extrinsic evidence, such as a drafting attorney's affidavit, in appropriate circumstances. The trustees have informed us that they have not been able to obtain an affidavit from the drafting attorney.

Federal generation skipping transfer tax and granting his executor authority and sole discretion to make any election or allocation afforded by tax law, also demonstrate Louis's "tax consciousness." *Id.*

In the circumstances of this case, we conclude that a reformation of the trust as proposed by the trustees is necessary to effectuate Louis Bornstein's intent both to minimize taxes to the extent possible and to provide adequately for his widow. . "Inherent in the [Bornstein] trust is the intent that it be administered in a way that enriches [Louis Bornstein's] family rather than the Federal tax gatherers." *Id.*

A judgment shall be entered in the Probate and Family Court authorizing reformation of the trust as proposed in Exhibit 4 of the complaint.

*So ordered.*

The case was submitted on briefs.

*Charles A. Cheever* for the plaintiffs.