JANICE P. VAN RIPER, donor & trustee,[1] *vs.* JANICE P. VAN RIPER & others.[2] September 14, 2005. *Trust,* Reformation, Settlor, Mistake, Taxation. *Taxation,* Estate tax, Trust. *Minor,* Guardian ad litem.

Janice P. Van Riper, donor and trustee of the Janice P. Van Riper Qualified Personal Residence Trust Dated March 9, 2004, commenced this action in the county court seeking reformation of the trust. She requests that the trust be reformed by striking the language currently appearing in Article Fifth, paragraph A, and substituting the following: "If the Term Holder dies prior to the expiration of the Term of Years, then upon the Term Holder's death the trust property, as it is then constituted, shall be transferred, conveyed and paid over free of trust to the Donor's estate." The settlor correctly asserts that such a reformation will have the effect of minimizing her gift tax on the property by creating a reversionary interest in the property, thus reducing the value of the gift. See J. A. Manning, A.S. Rosenbloom, & S.D. Slotkin, Estate Planning § 7:5.4 (6th ed. 2004) ("value of the grantor's contingent reversionary interest reduces the value of the gift"). The settlor requests that the reformation be made effective as of March 9, 2004. A single justice of this court reserved and reported the case to the full court.

It is well settled that a trust instrument may be reformed to conform to the settlor's intent. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. "To ascertain the settlor's intent, we look to the trust instrument as a whole

---

[1]Of the Janice P. Van Riper Qualified Personal Residence Trust Dated March 9, 2004.

[2]A. Bowdoin Van Riper, Katherine Patricia Van Riper, and the Commissioner of Internal Revenue. The Commissioner did not appear.

and the circumstances known to the settlor on execution." *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999), quoting *Pond* v. *Pond*, 424 Mass. 894, 897 (1997). "In addition, we have indicated our willingness to accept extrinsic evidence, such as an attorney's affidavit, that demonstrates that there has been a mistake." *Walker* v. *Walker, supra.*

The existence of a mistake in the drafting of a trust instrument must be established by "full, clear, and decisive proof." *Putnam* v. *Putnam*, 425 Mass. 770, 772 (1997), quoting *Berman* v. *Sandler*, 379 Mass. 506, 509 (1980). Here, we have not only the attorney's affidavit but the settlor's own affidavit demonstrating her intent in executing the trust. Moreover, the case is before us on a statement of agreed facts and the sole adult beneficiary's assent to the relief sought. Finally, the settlor's choice to create a qualified personal residence trust evinces her intent to minimize her gift tax because such an instrument is used for such a purpose. See Miller, Fundamentals of Estate Tax Planning, 32 Idaho L. Rev. 197, 249 (1996); *Simches* v. *Simches*, 423 Mass. 683, 684 (1996). Based on those considerations, we are confident that reforming the trust as requested will effectuate the settlor's intent. We therefore remand the case to the county court for entry of a judgment reforming the trust as proposed.[3]

*So ordered.*

The case was submitted on briefs.
*Domenic P. Aiello* for the plaintiff.

---

[3]We allow the settlor's motion for waiver of appointment of a guardian ad litem. While the involvement of a guardian ad litem is normally preferred, see *Fiduciary Trust Co.* v. *Gow*, 440 Mass. 1037, 1038 n.7 (2004), *S.C.*, 443 Mass. 1017 (2005), in the circumstances of this case the parties agree on the facts and the sole adult beneficiary assents to the relief sought. There appears to be no likely conflict in the interests of the settlor's son (her only child) and those of his daughter (his only child) or any of his future issue. See *Reynolds* v. *Reynolds*, 443 Mass. 1001, 1001 n.5 (2004).