THOMAS JOHN RYAN & others[1] *vs.* AMY RYAN & others.[2] June 16, 2006. *Trust, Reformation, Mistake.*

The settlors and trustees of the Ryan Family Irrevocable Trust (trust) commenced this action in the Probate and Family Court, seeking reformation of the trust. The adult beneficiaries of the trust as written, namely, the settlors' children and their spouses, have assented to the reformation. A guardian ad litem has also filed a report assenting to the reformation.[3] On the plaintiffs' motion, the judge reported the case to the Appeals Court, and we granted the application for direct appellate review.

The plaintiffs allege that Articles Three and Seven of the trust contain scrivener's errors that are contrary to the settlors' intent. As to Article Three, the trust as written designates only the settlors' six children as lifetime beneficiaries of the trust. This designation fails to conform to the settlors' intent in two ways. First, as attested in affidavits submitted by the settlors, they had intended to include not only their children, but also their other descendants.[4] Second, the settlors' affidavits attest that they intended to eliminate or minimize their estates' tax liability. The error results in negative estate and gift tax consequences by reducing the settlors' lifetime unified estate and gift tax credits.

As to Article Seven, the trust as written leaves a predeceasing child's share of the trust property to his or her "heirs" per stirpes. The term "heirs" includes a surviving spouse. *Gustafson* v. *Svenson,* 373 Mass. 273, 275-276 (1977), and cases cited. In their affidavits, the settlors have sworn that they did not intend to include any surviving spouse, but only each predeceasing child's descendants. No tax consequences are alleged to arise from this asserted error. The problem is solely that the trust is contrary to the settlors' intent.

It is well settled that we may reform a trust to conform to the settlor's intent. *Walker* v. *Walker,* 433 Mass. 581, 587 (2001). We require clear and decisive proof that the instrument fails to embody the settlor's intent. *DiCarlo* v. *Mazzarella,* 430 Mass. 248, 250 (1999). Here, the settlors have so sworn, and the guardian ad litem and the beneficiaries — including the settlors' sons-in-law and daughter-in-law, who will be adversely affected by the proposed

---

[1]Nancy Therese Ryan; Kathie Steinberg and Paula Ryan, individually and as trustees of the Ryan Family Irrevocable Trust.

[2]Beth Ryan Walter; Thomas J. Ryan, Jr.; Jennifer Brown; William Steinberg; Richard Bachelder; Nelson Walter; Maribeth Hourihan; Paul Feinman; Douglas Brown; and the Internal Revenue Service. The Internal Revenue Service has not appeared or participated.

[3]"When a trustee requests the reformation of a trust that may affect the interests of minor, unborn, unascertained, or incompetent beneficiaries, it is preferable that this court be furnished with and have the benefit of an independent guardian's opinion concerning the possible consequences of the reformation for those beneficiaries." *Fiduciary Trust Co.* v. *Gow,* 440 Mass. 1037, 1038 n.7 (2004), S.C., 443 Mass. 1017 (2005). The report submitted to us does not explain those consequences. Nonetheless, on this record, it appears that if the reformation has any adverse effect on any minor, unborn, or unascertained beneficiaries, that effect is intended by the settlors.

[4]At the time the trust was executed, the settlors' other descendants were their eleven grandchildren. Their grandchildren now number fifteen.

reformation — have assented to the relief sought.[5]

A judgment shall enter in the Probate and Family Court allowing reformation of the trust as requested in the complaint.

*So ordered.*

*Virginia Ann Brophy*, for the plaintiffs, submitted a brief.

---

[5]Typically we require not only the beneficiaries' assent to the relief sought, but also a statement of agreed facts or other proof that the facts are undisputed. See *Sheinkopf* v. *Bornstein,* 443 Mass. 1012, 1013 n.5 (2005). The omission in this particular case is not fatal. However, we once again "remind litigants and attorneys bringing trust reformation cases before this court of their obligation to provide 'a full and proper record and the requisite degree of proof that they are entitled to the relief they seek.' " *Holden* v. *Holden,* 437 Mass. 1004, 1004 n.4 (2002), quoting *Walker* v. *Walker,* 433 Mass. 581, 582 n.5 (2001).