RUTH M. DWYER, trustee,[1] *vs.* RUTH M. DWYER & another.[2] December 31, 2008. *Trust,* Reformation, Resulting trust, Taxation. *Taxation,* Trust, Estate tax.

Ruth M. Dwyer, trustee of The Dwyer Family Realty Trust (trustee and trust, respectively), commenced this action in the Supreme Judicial Court for Suffolk County, pursuant to G. L. c. 215, § 6, seeking reformation of the trust. She alleges that, because of drafting errors, the trust as written fails to give effect to one of the donor's principal estate planning goals, that is, to transfer his property to his family while minimizing adverse tax consequences. She also seeks imposition of a resulting trust with regard to a certain parcel of real property. The complaint is supported by, among other things, affidavits from the trustee and from the drafting attorney regarding the underlying facts and the donor's objectives. A single justice of this court reserved and reported the case. See *Commissioner of Internal Revenue* v. *Estate of Bosch,* 387 U.S. 456, 465 (1967); *Walker* v. *Walker,* 433 Mass. 581, 582 (2001).

In 1990, Ruth M. Dwyer, individually (Ruth), and her husband, Arnold Dwyer (Arnold), consulted with an attorney concerning their estate planning goals. Foremost among those goals was the transfer of certain real property to and for the benefit of their children, grandchildren, and stepgrandchildren, while minimizing the tax consequences of such transfers. The attorney drafted the trust instrument, and Ruth executed it as trustee. Arnold was the initial sole beneficiary. On December 31, 1990, Arnold deeded two parcels of real estate to the trust, and Ruth attested he directed and caused her to transfer a third parcel (Eastham parcel) to the trust as well. That same day, Arnold gifted more than half his beneficial interest in equal shares to his three children and ten grandchildren. About a week later, but in the next taxable year, Arnold gifted his remaining beneficial interest in essentially equal shares to the same thirteen family members. Arnold filed Federal gift tax returns for the 1990 and 1991, reporting his gifts of beneficial interests in the trust, and Ruth consented

[1]Of The Dwyer Family Realty Trust.

[2]The Commissioner of Internal Revenue was named as a defendant, but has not appeared.

to splitting the gifts for Federal gift tax purposes such that all gifts were within the annual tax exclusion amounts. I.R.C. § 2513 (2000). She filed no separate gift tax returns for those years.

The trustee alleges that the trust, as presently drafted, fails to accomplish the anticipated tax planning objectives. In particular, she alleges that the trust fails to include a provision specifically authorizing Arnold's original establishment of beneficial interests; improperly permits transactions with trustees at nominal value and provides rights of revocation; and mistakenly contains a general, rather than a limited power of appointment. Without reformation of the trust, the trustee contends, Arnold's purported transfer of beneficial interests in 1990 and 1991 may not have been effective; that the inadvertent grant of a general power of appointment would make trust property includable in the trustee's taxable estate; and that limiting the trustee's power of dilution of beneficial interests is necessary to minimize certain Federal generation skipping taxes, consistent with the donor's intent.

"It is well settled that a trust instrument may be reformed to conform to the settlor's intent." *Van Riper* v. *Van Riper*, 445 Mass. 1007, 1007 (2005). In ascertaining Arnold's intent, we look to the trust instrument as a whole, the circumstances known to Arnold at the time of its execution, and extrinsic evidence such as the affidavits of Ruth and the drafting attorney, and other documents. *Id.* at 1007-1008. In this case, these documents combine to establish "full, clear, and decisive proof" that mistakes in drafting rendered the trust, as presently drafted, inconsistent with Arnold's intent. *Id.* at 1008, quoting *Putnam* v. *Putnam*, 425 Mass. 770, 772 (1997). First, there is no question that Arnold intended the trust would permit him to establish a schedule of beneficial interests after he transferred assets to the trust. Indeed, the transfer was contemporaneous with the creation of the trust, and he reported the gift of the beneficial interests on his gift tax returns. Second, while the trust as drafted may be construed to give Ruth a general power of appointment, making the trust property includable in her taxable estate, *Shawmut Bank, N.A.* v. *Buckley*, 422 Mass. 706, 711-712 (1996), the record amply demonstrates that the objective of the estate planning was to minimize transfer taxes, a goal inconsistent with a general power of appointment. See *Walker* v. *Walker*, *supra* at 585-587. Third, reformation of the trust to affirmatively limit the trustee's dilution powers over beneficial interests of "skip" persons, such as grandchildren, again is consistent with the expressed intent to minimize transfer taxes. On this record, and in light of the requisite proof regarding the testator's intent, we allow reformation of the trust to conform with the testator's intent. See, e.g., *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999); *BankBoston* v. *Marlow*, 428 Mass. 283, 285 (1998).

Finally, the trustee seeks imposition of a resulting trust on the Eastham property, as it existed immediately prior to Ruth's transfer of it to the trust. This, she alleges, would effectively make Ruth's deed to the trust a transfer by Arnold to the trust, consistent with the over-all tax planning goals. We have imposed a resulting trust where, as here, a property was purchased by one person and transferred to another. See *Krasner* v. *Krasner*, 362 Mass. 186, 189 (1972). When a husband and wife are involved, however, a presumption arises that a gift was intended. *Id.* In this case, we are satisfied that the presumption has been overcome. In her affidavit, Ruth acknowledges that she regarded the Eastham property as being that of her husband, see *Osborne* v. *Osborne*, 384 Mass.

591, 603-604 (1981), and she understood that no gift was intended. See *English v. English*, 229 Mass. 11, 12 (1918). Indeed, after the transfer, she avers, Arnold continued to treat the Eastham property as his own, by paying the mortgage and managing and controlling the property. Moreover, the property was not the Dwyers' principal residence, nor did Arnold file a gift tax return declaring he had made a gift of it to Ruth. See *Osborne v. Osborne, supra* at 603.

We remand the case to the county court for entry of a judgment reforming the trust, as of its date of execution, as requested in paragraph 35 of the complaint, and declaring that the Eastham property held by Ruth and transferred to the trust was held by her in a resulting trust for the benefit of Arnold.

*So ordered.*

*Barbara Freedman Wand, Harry F. Lee, Susan E. Stenger, & Peter Zupcofska*, for the plaintiff, submitted a brief.