KOUTOUKIS vs. SECRETARY OF THE EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES, MISC 20-000004

































 
 ESTATE of SOTIRIOS A. KOUTOUKIS, ATHENA KOUTOUKIS, MARINA MAHERAS, and JOANNA DAVOS, Plaintiffs, v. SECRETARY OF THE EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES, Defendant
 MISC 20-000004 
 SEPTEMBER 17, 2021
NORFOLK, ss.
FOSTER, J.
MEMORANDUM AND ORDER ALLOWING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT














 On a motion for summary judgment, the nonmoving party cannot create a dispute of material fact simply by declaring that it disputes the material fact. The nonmoving party is supposed to provide some evidence that disputes the fact; that is, some evidence that, if credited, would support the opposite of the claimed undisputed fact. On these cross-motions for summary judgment, the defendant Secretary of the Executive Office of Health and Human Services (EOHHS) has attempted to forestall summary judgment on the plaintiffs' claim for reformation of a deed due to a scrivener's error by the simple expedient of saying the affidavits provided by the plaintiffs do not support the claim, without providing any evidence of its own to the contrary. As the affidavits do support the claim for reformation, there is no dispute of material fact. Based on the undisputed material facts and the applicable law, summary judgment shall enter reforming the subject deed to clarify that the parties' intent was to create a ife estate, and declaring that the life estate and the limited power of appointment in the deed do not make the subject property a countable asset for purposes of EOHHS's lien. 





Procedural History 





 Plaintiffs the Estate of Sotirios A. Koutoukis (Estate) and Athena Koutoukis (together, Plaintiffs) filed their initial Complaint on January 3, 2020. An Amended Verified Complaint for Equitable Relief to Reform Deed and Declaratory Judgment was filed on March 2, 2020, adding as plaintiffs Marina Maheras and Joanna Davos. The Answer and Counterclaim of Secretary of the Executive Office of the Health and Human Services (Defendant or EOHHS) was filed on March 12, 2020 (Counterclaim). The Plaintiff's Answer to Counterclaims was filed on April 2, 2020. 





 On October 1, 2020, the Plaintiffs filed Plaintiffs'/Counter-Defendants' Motion for Summary Judgment (Motion for Summary Judgment), Plaintiffs'/Counter-Defendants' Memorandum of Law in Support of Motion for Summary Judgment (Pl. Mem.), Plaintiffs'/Counter-Defendants' Statement of Material Facts in Support of Motion for Summary Judgment (Pl. SOMF), and Plaintiffs'/Counter-Defendants' Appendix of Summary Judgment Exhibits (Pl. Exh.). On November 3, 2020, EOHHS filed Defendant/Counter-Plaintiff, Executive Office of Health & Human Services' Opposition to Plaintiffs'/Counter-Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment (Cross-Motion for Summary Judgment), EOHHS' Response to Statement of Material Facts by Plaintiffs'/Counter-Defendants and EOHHS' Additional Statement of Material Facts (Def. SOMF), and Defendant/Counter Plaintiff, Executive Office of Health & Human Services' Appendix of Summary Judgment Exhibits (Def. Exh.). The Plaintiffs filed their Response to Defendants'/Counter Plaintiffs' Opposition to Motion for Summary Judgment and Opposition to Defendants'/Counter Plaintiff's Cross Motion for Summary Judgment on November 16, 2020, along with their Response to Def.'s SOMF (Pl. Resp. SOMF) and Supplemental Appendix of Summary Judgment Exhibits (Pl. Supp. Exh.). The Motion for Summary Judgment and the Cross-Motion for Summary Judgment were heard on November 20, 2020 and taken under advisement. This Memorandum and Order follows. 





Summary Judgment Standard 





 Generally, summary judgment may be entered if the "pleadings, depositions, answers to interrogatories, and responses to requests for admission . . . together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass. R. Civ. P. 56(c). In viewing the factual record presented as part of the motion, the court draws "all logically permissible inferences" from the facts in favor of the non-moving party. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202 , 203 (1991). "Summary judgment is appropriate when, 'viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'" Regis College v. Town of Weston, 462 Mass. 280 , 284 (2012), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117 , 120 (1991). Where the non-moving party bears the burden of proof, the "burden on the moving party may be discharged by showing that there is an absence of evidence to support the non-moving party's case." Kourouvacilis v. General Motors Corp., 410 Mass. 706 , 711 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Regis College, 462 Mass. at 291-292.





Undisputed Facts 





 After review of the parties' statements of material facts and their respective response, the court notes that, while the Plaintiffs have supported all of their asserted facts with affidavits and documents, see Pl. SOMF, Pl. Exh., Pl. Resp. SOMF, Pl. Supp. Exh., EOHHS has denied many of the asserted facts relating to the claim of scrivener's error in the subject deed without providing any affidavits or other evidence whatsoever. See Def. SOMF ¶¶ 3, 4, 6,7, 10, 11. Instead, EOHHS argues that the affidavits of Athena Koutoukis, Thomas R. Mullen, Esq., Marina Maheras, and Joanna Davos, submitted to support the Plaintiffs' undisputed facts, are not made on personal knowledge as required under Mass. R. Civ. P. 56(e). That is simply not correct. Each of those affidavits is made on the personal knowledge of the affiants, including attorney Mullen's personal knowledge of the expressed intent of his clients the Koutoukises and Ms. Maheras's and Ms. Davos's personal knowledge of their and their parents' intent and belief as to what the deed in question was supposed to grant. 





 "Rule 56 (e) provides that once a motion is made and supported by affidavits and other supplementary material, the opposing party may not simply rest on his pleadings or general denials; he must 'set forth specific facts' (emphasis added) showing that there is a genuine, triable issue." Community Nat'l Bank v. Dawes, 369 Mass. 550 , 554 (1976). That is, "mere assertions of disputed facts" are insufficient to defeat a motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207 , 209 (1989). EOHHS's denial of facts simply on the incorrect ground that the supporting affidavits are not made on personal knowledge, when in fact they are, does not create an issue of material fact. Thus, the following facts are undisputed or deemed admitted. 





 1. Athena Koutoukis (Athena) is the surviving spouse of the late Sotirios A. Koutoukis (Sotirios). Affidavit of Athena Koutoukis (Athena Aff.), ¶ 1; Pl. SOMF, ¶ 1; Def. SOMF, ¶ 1. 





 2. Marina Maheras (Maheras) and Joanna Davos (Davos) are the daughters of Athena and Sotirios. Athena Aff., ¶ 2; Pl. SOMF, ¶ 2; Def. SOMF, ¶ 2. 





 3. A deed dated July 7, 2008, for 63 Russell Street, Quincy, Massachusetts (the Property) was recorded on July 21, 2008 at the Norfolk County Registry of Deeds, Book 25922, Page 332 (2008 deed). Athena Aff., ¶ 4; Pl. SOMF, ¶ 5; Def. SOMF, ¶ 5; Affidavit of Thomas R. Mullen, Esq. (Mullen Aff.), ¶ 6. 





 4. The 2008 deed provides, in relevant part: 





 We, SOTIRIOS A. KOUTOUKIS and ATHENA KOUTOUKIS, as tenants by the entirety, for consideration of One ($1.00) Dollar paid grant all my title and interest to: MARINA MAHERAS and JOANNA DAVOS tenants in common for life and further, 





 we, SOTIRIOS A. KOUTOUKIS and ATHENA KOUTOUKIS, the grantors reserve the right to the use and enjoyment of the above described premises for and during my/our lifetime or as long as we so desire with the provision said tenant(s) shall be responsible for the payment of taxes and maintenance of said premises during the period of said occupancy, specifically denying any right by the grantor or partition; and further, 





 we, SOTIRIOS A. KOUTOUKIS and ATHENA KOUTOUKIS, the grantors reserve the power to appoint, in whole or in part, the property conveyed hereunder to or for the benefit of any one or more of the Grantors' issue, in such proportions, outright or upon such trusts, terms and conditions as the Grantor may specify by a writing executed and acknowledged during the lifetime of the Grantor, and recorded in the Registry of Deeds . . . . No notice to, or assent by, the grantee(s) in this instrument or their assigns shall be necessary in connection with any exercise of the rights retained by grantor(s) in this instrument. 





 Def. SOMF ¶ 13; Pl. Resp. SOMF ¶ 13; Pl. Exh. 3 (emphasis supplied). 





 5. Athena and Sotirios hired Thomas R. Mullen, Esq. to prepare the 2008 deed. Their intention and instruction to Mullen was to create a life estate for themselves while conveying the remainder interest to their daughters Maheras and Davos. Attorney Mullen prepared the 2008 deed, believing that the deed accomplished this goal. Pl. SOMF ¶¶ 3-4; Athena Aff. ¶¶ 2-4; Mullen Aff. ¶¶ 2-7. 





 6. At the time the 2008 deed was recorded, and at all times thereafter, Athena, Sotirios, and their daughters believed that the language in the deed conveyed their interest in the Property to Maheras and Davos and retained a life estate for Sotirios and Athena. Pl. SOMF ¶ 7; Athena Aff. ¶ 9; Mullin Aff. ¶¶ 7, 13, 14; Affidavit of Marina Maheras ¶ 5 (Maheras Aff.); Affidavit of Joanna Davos ¶ 5 (Davos Aff.). 





 7. Athena and Sotirios never intended the 2008 deed to convey a life estate to their daughters or to cloud title with respect to their limited retained interests. Pl. SOMF ¶ 11; Athena Aff. ¶ 8; Mullen Aff. ¶ 12; Maheras Aff. ¶ 4; Davos Aff. ¶ 4; Pl. Exh. 3. 





 8. Prior to signing the 2008 deed and at all times thereafter Athena has resided at the Property. Athena Aff., ¶ 1; Pl. SOMF, ¶ 8; Def. SOMF, ¶ 8. 





 9. Sotirios died on April 17, 2016. Athena Aff., ¶ 5; Pl. SOMF, ¶ 9; Def. SOMF, ¶ 9; Mullen Aff., ¶ 9; Def. SOMF, ¶ 20; Pl. Resp. SOMF, ¶ 20. 





 10. Athena hired attorney Susan Moniz Harrington as counsel for the Estate. Attorney Harrington discovered the phrase "for life and further" in the 2008 deed, noting it as a scrivener's error, as it does not reflect the intent of Sotirios and Athena. Pl. SOMF ¶¶ 9, 10; Athena Aff. ¶¶ 7-8; Mullen Aff. ¶¶ 11-12; Maheras Aff. ¶ 4; Davos Aff. ¶ 4; Pl. Exh. 3. 





 11. The probate of the Estate was filed on April 18, 2019, to correct the scrivener's error. Athena Aff., ¶ 5; Pl. SOMF, ¶ 9; Def. SOMF, ¶ 9, 16, 20; Def. SOMF, ¶¶ 16, 20; Pl. Resp. SOMF, ¶¶ 16, 20; Mullen Aff., ¶ 9. 





 12. Sotirios's will states in relevant part: 





 I, Sotirios Koutoukis, of 63 Russell St., Quincy, Norfolk County, Massachusetts, being of sound and disposing mind, but knowing of the uncertainty of life, do hereby declare this to be my LAST WILL AND TESTAMENT, hereby revoking all former Wills and Codicils at any time heretofore made by me SECOND: I give, devise, and bequeath all my property to my wife, Athena Koutoukis. THIRD: I give, devise and bequeath all the rest and remainder of my property to my wife, Athen [sic] Koutoukis. 





 Def. SOMF, ¶ 15; Pl. Resp. SOMF, ¶ 15; Def. Exh. 3. 





 13. After the probate was filed to correct the alleged scrivener's error on the 2008 Deed, the EOHHS filed a claim against the Estate. At the time of Sotirios's death, he had incurred $74,297.40 in services provided by EOHHS. Pl. SOMF, ¶ 12; Def. SOMF, ¶ 12. 





 14. On May 13, 2019, EOHHS sent a copy of a Notice of Claim in the amount of $74,297.40 that MassHealth has filed with Probate Court to Attorney Harrington, counsel for the Estate of Sotirios. Def. SOMF, ¶ 14; Pl. Resp. SOMF, ¶ 14; Pl. Exh. 6. 





 15. On May 21, 2019, EOHHS filed its Notice of Claim with the Probate Court. Def. SOMF, ¶ 22; Pl. Resp. SOMF, ¶ 22. 





 16. On May 22, 2019, Attorney Harrington sent EOHHS a letter challenging the Notice of Claim. Def. SOMF ¶ 23; Pl. Resp. SOMF ¶ 23; Pl. Supp. Exh. 1. 





Discussion 





 There are three questions before the court on these cross-motions for summary judgment. First, should the 2008 deed be reformed by striking the language "tenants in common for life and further," thus establishing that the 2008 deed reserved a life estate in Sotirios and Athena, with Maheras and Davos as remainderpersons? Second, did the Estate timely object to EOHHS's claim? Finally, if the answer to these two questions is yes, does the 2008 deed as reformed, reserving a life estate in Sotirios and Athena and reserving a power of appointment, shield the Property from being a countable asset subject to the lien claimed by EOHHS?





 Reformation of the 2008 deed. A deed that does "not embody within its terms the clear intent of the parties" due to an error by the scrivener, so that the deed does "not accurately express the conveyance that the scrivener was directed by the parties to prepare," may be reformed. Franz v. Franz, 308 Mass. 262 , 266 (1941). The intent of the parties and the scrivener's error must be established by clear and convincing proof. Covich v. Chambers, 8 Mass. App. Ct. 740 , 747 (1979). The court looks at the deed as a whole, the circumstances known at the time of execution, extrinsic evidence such as the affidavits of a drafting attorney, and other documents. Dwyer v. Dwyer, 452 Mass. 1030 , 1031 (2008); Pond v. Pond, 424 Mass. 894 , 897 (1997). In claims of a scrivener's error, the court is willing to "accept extrinsic evidence, such as an attorney's affidavit, that demonstrates that there has been a mistake." Walker v. Walker, 433 Mass. 581 , 587 (2001). "The crucial evidence of intent and mistake may well be available from the lawyer who drafted (or misdrafted) the instrument rather than from the settlor." Putnam v. Putnam, 425 Mass. 770 , 772 (1997). 





 The undisputed evidence before the court is clear and convincing that Sotirios and Athena intended to convey the Property by reserving a life estate in themselves, with their daughters as remainderpersons. Athena's affidavit states that this was her and her husband's intent, Athena Aff. ¶¶ 2-3; attorney Mullen in his affidavit states that they told him that this was their intent, Mullen Aff. ¶¶ 3-4; the daughters, in their affidavits, state that this was their understanding as well. Maheras Aff. ¶¶ 3-5; Davos Aff. ¶¶ 3-5. The undisputed, clear, and convincing evidence, namely attorney Mullen's affidavit, further establishes that the phrase "tenants in common for life and further" in the 2008 deed was inserted by the scrivener, attorney Mullen, by mistake. Mullen Aff. ¶¶ 5-7, 12, 13. These affidavits, made on personal knowledge and not challenged by any evidence put forward by EOHHS, are sufficient to establish by clear and convincing evidence that the 2008 deed contains a scrivener's error contrary to the intent of the parties and must be reformed. See Ryan v. Ryan, 447 Mass. 1003 , 1003-1004 (2006) (undisputed affidavits sufficient to establish settlor's intent and support reformation of trust). 





 EOHHS makes two arguments why this undisputed, clear, and convincing evidence is not sufficient to reform the 2008 deed. First, EOHHS points to Sotirios's will, in which he provides: "SECOND: I give, devise, and bequeath all my property to my wife, Athena Koutoukis. THIRD: I give, devise and bequeath all the rest and remainder of my property to my wife." Def. Exh. 3. EOHHS argues that this is evidence that Sotirios did not intend to reserve a life estate in the Property. Their reasoning is that if Sotirios held a life estate that ended at his death, he would not have conveyed his property to his wife Athena in his will. This argument fails to recognize that Sotirios could have property other than real estate, namely personal property, that he would want to leave to his wife. The will is not evidence that he did not intend to create a life estate in the Property, and any inference otherwise is unreasonable. 





 EOHHS also points to the power of appointment in paragraph 3 of the 2008 deed. That provision provides, in relevant part: 





 we, SOTIRIOS A. KOUTOUKIS and ATHENA KOUTOUKIS, the grantors reserve the power to appoint, in whole or in part, the property conveyed hereunder to or for the benefit of any one or more of the Grantors' issue, in such proportions, outright or upon such trusts, terms and conditions as the Grantor may specify by a writing executed and acknowledged during the lifetime of the Grantor, and recorded in the Registry of Deeds . . . . No notice to, or assent by, the grantee(s) in this instrument or their assigns shall be necessary in connection with any exercise of the rights retained by grantor(s) in this instrument. 





Pl. Exh. 3. 





 EOHHS argues that this is a general power of appointment, allowing Sotirios and Athena to avoid the limitations of a life estate and appoint to themselves the entire interest in the Property. The question, then, is whether paragraph 3 is a general power of appointment or a limited power of appointment. "By definition, a 'limited power of appointment' is one that 'restricts to whom the estate may be conveyed; esp[ecially], a power by which the donee can appoint to only the person or class specified in the instrument creating the power, but cannot appoint to oneself or one's own estate.'" Fournier v. Secretary of the Exec. Office of Health & Human Servs., 488 Mass. 43 , 51 (2021), quoting Black's Law Dictionary 1417 (11th ed. 2019). Under a limited power of appointment, "the class of permissible appointees is restricted to the class of persons or entities specifically named in the limited power, and does not include by implication the donee of the limited power." Id. at 52. Paragraph 3 of the 2008 deed provides that Sotirios and Athena may only appoint the Property "to or for the benefit of any one or more of the Grantors' issue." In Massachusetts, "the terms 'child,' 'children' and 'issue' shall include only lawful lineal descendants whether by blood or adoption; provided, however that the adoption occurred before the person being adopted attained the age of eighteen (18) years." 1 Massachusetts Estate Planning § 12.01. Because the 2008 deed restricts Sotirios's and Athena's power of appointment to their issue, a limited class that does not include themselves, it is a limited power of appointment. See Fournier, 488 Mass. at 51-52. The power of appointment does not contradict the life estate that the 2008 deed was intended to create. 





 The 2008 deed will be reformed to strike the words "for life and further," and a declaration shall enter that the 2008 deed reserved a life estate to Sotirios and Athena, with the remainder interest in Maheras and Davos, and that Sotirios's interest in the Property ended with his death. 





 EOHHS claim and objection by Estate. After Sotirios's death and the filing of his estate in the Probate and Family Court on April 18, 2019, EOHHS filed a claim against the Estate. At the time of Sotirios's death, he had incurred $74,297.40 in services provided by EOHHS. On May 13, 2019, EOHHS sent a copy of a Notice of Claim in the amount of $74,297.40 that MassHealth has filed with Probate Court to Attorney Harrington, counsel for the Estate of Sotirios. Def. SOMF, ¶ 14; Pl. Resp. SOMF, ¶ 14; Pl. Exh. 6. On May 21, 2019, EOHHS filed its Notice of Claim with the Probate Court. Def. SOMF, ¶ 22; Pl. Resp. SOMF, ¶ 22. 





 EOHHS argues that their claim is final because it was not contested by the Estate within sixty days. See G.L. c. 118E, § 32(d). This is incorrect. It is undisputed that Attorney Harrington sent EOHHS a letter challenging the Notice of Claim on May 22, 2019, well within the sixty-day time period for challenging a claim. EOHHS's claim is now before the court. Def. SOMF ¶ 23; Pl. Resp. SOMF ¶ 23; Pl. Supp. Exh. 1. 





 Effect of life estate and power of appointment. As discussed, the 2008 deed reserved a life estate to Sotirios and Athena, and the power of appointment in the third paragraph of the 2008 deed is a limited power of appointment. Athena resided at the premises prior to execution of the 2008 deed and all times thereafter. Sotirios died on April 17, 2016; the probate of his estate was filed on April 18, 2019, to correct the scrivener's error in the 2008 deed. EOHHS filed a claim for the payment of benefits for Sotirios, totaling $74,297.40. The Estate challenges the claim. 





 EOHHS's claim is for reimbursement of payments made under MassHealth. MassHealth is the Medicaid program in Massachusetts. G.L. c. 118E, § 9. Medicaid is a program in which states can participate to provide "medical assistance to low income persons based on financial need." Rudow v. Commissioner of the Div. of Med. Assistance, 429 Mass. 218 , 221-222 (1999), citing Tarin v. Comm'r of the Div. of Med. Assistance, 424 Mass. 743 , 746 (1997); 42 U.S.C. § 1396-1. 





 In order to receive MassHealth, recipients must meet the financial eligibility requirements outlined in 130 CMR § 520.001, et seq. (2014). Per these requirements, "[t]he total value of countable assets owned or available to individuals applying for or receiving MassHealth" cannot exceed $2,000. 130 CMR § 520.003 (A)(1) (2019). Countable assets are "all assets that must be included in the determination of eligibility. Countable assets include assets to which the applicant or member or his or her spouse would be entitled whether or not these assets are actually received when failure to receive such assets results from the action or inaction of the applicant, member, spouse, or person acting on his or her behalf." All real estate, other than the primary place of residence, is considered a countable asset. 130 CMR § 520.007(G) (2014). For the purposes of Medicaid eligibility, an irrevocable trust is "a trust that cannot be in any way revoked by the grantor." 130 CMR § 515.001 (2013). The regulation further provides that "[a]ny portion of the principal or income from the principal (such as interest) of an irrevocable trust that could be paid under any circumstances to or for benefit of the individual is a countable asset." 130 CMR § 520.023(C)(1)(a) (2014) (emphasis supplied). 





 The issue is whether EOHHS has a claim over the Property as a countable asset. This issue turns on whether the life estate or the power of appointment under the 2008 deed fall under the "any circumstances" test. Under the "any circumstances" test, it is sufficient that the Property could be made available to Sotirios in any circumstances for the Property to be treated as a countable asset, even if the circumstances have not occurred. Guilfoil v. Secretary of the Exec. Office of Health & Human Servs., 486 Mass. 788 , 790-791 (2021); Lebow v. Commissioner of the Div. of Med. Assistance, 433 Mass. 171 , 177-178 (2001). Here, Athena and Sotirios only retained a life estate and right to use the Property. "[T]he retention by an applicant of a life estate in his or her primary residence does not render the property a countable asset." Guilfoil, 486 Mass. at 800; see Boyle v. Weiss, 461 Mass. 519 , 525 n.14 (2012) (in contrast to a joint tenant, tenant by the entirety, or tenant in common, the holder of a life estate does not hold a direct ownership interest in the property). The life estate reserved by Sotirios and Athena in the 2008 deed does not render the Property a countable asset within the meaning of 130 CMR § 520.007. 





 It has been established that the power of appointment in the 2008 deed is a limited power of appointment. A limited power of appointment that does not permit the grantors or settlors to appoint any portion of the Property's equity to themselves does not create a countable asset within the underlying property. Fournier, 488 Mass. at 44-45; Heyn v. Director of the Office of Medicaid, 89 Mass. App. Ct. 312 , 318 (2016) (finding that for the purposes of Medicaid eligibility, retention of a limited power of appointment did not make the underlying principal any more available to the grantor than if the grantor had gifted the principal). The limited power of appointment in the 2008 deed, under which Sotirios and Athena could appoint the Property only to issue but not to themselves, does not render the Property a countable asset within the meaning of 130 CMR § 520.007. 





Conclusion 





 For the foregoing reasons, the Motion for Summary Judgment is ALLOWED, and the Cross-Motion for Summary Judgment is DENIED. Judgment shall enter reforming the 2008 deed to strike the phrase "tenants in common for life and further," declaring that the 2008 deed reserves a life estate in Sotirios and Athena with a remainder interest in Maheras and Davos and that Sotirios's life estate interest ended with his death, declaring that paragraph 3 of the 2008 deed is a limited power of appointment, declaring that the Property is not a countable asset, and dismissing the counterclaim with prejudice. 





 SO ORDERED 






 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.