NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-939

SAVVAS GIANASMIDIS

vs.

STEPHANY GIANASMIDIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The husband, Savvas Gianasmidis, appeals from the judgment of divorce nisi entered by a Probate and Family Court judge, specifically challenging a finding that a property located at 95 Bynner Street (the property) was marital property.  Concluding that the husband failed to raise at trial his appellate theory that the property was held in a resulting trust for his benefit when titled in his wife's limited liability company (LLC), we affirm.[1]

1.  Resulting trust.  The husband argues that, when he transferred the property into the wife's LLC, the transfer

---

[1] We treat the husband's notice of appeal as timely even though he filed it before the judgment was recorded on the docket.  See Slater v. Traynor Mgt., Inc., 101 Mass. App. Ct. 705, 709 n.9 (2022) ("Although the notice of appeal was technically premature, no party has been prejudiced, and we exercise our discretion to reach the merits").

created a resulting trust with himself as the beneficiary. Under the parties' prenuptial agreement, property so held would remain the separate property of the husband and would not be subject to equitable division. At trial, however, the husband argued that the property was governed by a postnuptial agreement that the judge later held was unenforceable. At no point during trial did the husband raise the resulting trust issue, and "[i]ssues not raised in the trial court are considered waived on appeal." Trapp v. Roden, 473 Mass. 210, 220 n.12 (2015).

In any event, the resulting trust theory is not supported by the trial judge's factual findings. "A resulting trust 'is a reversionary, equitable interest implied by law in property that is held by a transferee, in whole or in part, as trustee for the transferor or the transferor's successors in interest.'" Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 577 n.10 (2012), quoting Restatement (Third) of Trusts § 7 (2003). "A resulting trust 'typically occurs where "a transfer of property is made to one person and the purchase price is paid by another; in such a case a trust results in favor of the person who furnished the consideration."'" Cavadi v. DeYeso, 458 Mass. 615, 627 (2011), quoting Maffei v. Roman Catholic Archbishop of Boston, 449 Mass. 235, 253 (2007). "When a husband and wife are involved, however, a presumption arises that a gift was intended." Dwyer v. Dwyer, 452 Mass. 1030, 1031 (2008).

2

"[T]he presumption that a gratuitous transfer to a family member is a gift may be overcome and a resulting trust may be imposed if it is established that (1) the intent of the transferor at the time of the transfer was not to convey the beneficial interest to the transferee, and (2) there was acquiescence on the part of the transferee."

Citizens Bank of Mass. v. Coleman, 83 Mass. App. Ct. 609, 616-617 (2013).

Perhaps because the issue was not raised in the trial court, the judge made no finding that the husband intended to maintain the beneficial interest in the property or that the wife acquiesced to such an intent. Rather, the judge found that the husband "transferred [the property] to the Wife to obtain a lower interest rate to refinance the property," and that the wife refused to agree to the husband's retaining the beneficial interest.

Nor were the findings required to establish a resulting trust mandated by the evidence at trial. Although the husband testified to having the intent to maintain ownership of the property, the judge had no obligation to credit his testimony. See Estate of Stacy, 96 Mass. App. Ct. 447, 458 (2019). His testimony, moreover, was impeached by the facts that the wife was liable on the mortgage and paid nearly $13,000 in property taxes and the husband's failure to treat the March 2014 deed from the wife's LLC as an effective transfer of title for more than four years. Cf. Citizens Bank of Mass., 83 Mass. App. Ct.

3

at 618 (resulting trust created where husband conveyed properties to wife to protect properties from creditors and intended "to reserve the beneficial interest to himself").  More important, at no point did the wife testify that she acquiesced to the husband's retention of the equitable interest in the property.  Cf. Dwyer, 452 Mass. at 1031-1032 (wife acknowledged that she "regarded [the] property [in question] as being that of her husband . . . and she understood that no gift was intended").  Although the wife signed a document stating, "Even while [the property] is in my . . . LLC, my husband will remain the real and true 100% owner of [the property]," the trial judge found that her signature "was procured by fraud, coercion and duress," a finding inconsistent with genuine acquiescence.  Accordingly, the husband has not demonstrated any reversible

error in the judgment.[2]

Judgment of divorce nisi
    affirmed.

By the Court (Wolohojian,
    Shin & Ditkoff, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  November 15, 2023.

---

[2] We do not address the arguments first raised in the husband's reply brief or at oral argument because they are waived.  See Trustees of the Beechwood Village Condominium Trust v. USAlliance Fed. Credit Union, 95 Mass. App. Ct. 278, 287 n.20 (2019) ("Arguments raised for the first time at oral argument are waived"); Allen v. Allen, 86 Mass. App. Ct. 295, 302 n.11 (2014), quoting Pasquale v. Casale, 72 Mass. App. Ct. 729, 738 (2008) ("Any issue raised for the first time in an appellant's reply brief comes too late, and we do not consider it").

[3] The panelists are listed in order of seniority.